**Percy ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44030.**

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

Percy Robinson, pro se.

Carol S. Vance, Dist. Atty., and Phyllis Bell, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a misdemeanor conviction of theft by bailee of corporeal personal property under the value of $50 and over the value of $5.00 involving official misconduct. The district court jury assessed punishment at confinement in jail for 18 months, but upon their recommendation probation was granted.

The appellant has filed a pro se brief in this court in which he seeks to raise 18 grounds of error. No appellate brief was filed in the trial court as required by Article 40.09, Sec. 9, Vernon's Ann.C.C.P., although appellant was represented by retained trial counsel and no question of indigency appears. No grounds of error having been assigned in the trial court, this court is relegated to unassigned error which this court deems necessary to review "in the interest of justice." See Article 40.09, Sec. 13, V.A.C.C.P.

We shall review appellant's claim he was denied his constitutional right to a speedy trial. Sixth and Fourteenth Amendments, United States Constitution; Article I, Sec. 10, Texas Constitution, Vernon's Ann.St.

The indictment was presented on April 14, 1965. After the trial had been twice "reset" without objection appellant's first motion for continuance was granted and the case passed until July 19, 1966. On that date trial commenced but the following day a mistrial was declared when appellant's counsel became ill in the courtroom and could not continue the trial.

On April 18, 1967, appellant filed a motion to quash the indictment. In said motion he prayed in the alternative that his case be set for immediate trial if the motion to quash was not granted. There is no showing that the court acted upon such motion or that such motion was called to its attention. On June 30, 1967, the case was again "passed" with no reason for doing so appearing on the docket sheet entry.

It does not appear that any further action was taken until January 5, 1970, when the case was set for trial on March 11, 1970. On that date the State's motion for continuance was granted, over objection, due to the absence of a material witness. May 27, 1970, was designated as the new trial date.

The trial actually commenced on June 2, 1970, at which time appellant's counsel orally urged the dismissal of the indictment on the ground the cause had been pending for over five years. See Ex parte Jones, Tex.Cr.App., 449 S.W.2d 59. No evidence in support of the motion was offered. The motion was denied.

While it is difficult to comprehend from the record just why the case was allowed to languish on the docket for this length of time without final trial, some of the delay is attributed to the appellant's request for continuance and the untimely illness of his counsel. There was no objection to the many "passes" and the only request for a speedy trial was not shown to have been called to the trial judge's attention. At no time did the appellant apply to the Supreme Court of Texas for a writ of mandamus to compel the trial of his case.

This court has long held that an accused cannot successfully complain on appeal of the failure to give him a speedy trial in absence of a demand therefor. Hernandez v. State, 4 Tex.App. 425 (1878); White v. State, 166 Tex.Cr.R. 267, 312 S.W.2d 639; Laube v. State, Tex.Cr.App., 417 S.W.2d 288; Jackson v. State, Tex.Cr.App., 454 S.W.2d 733; Johnson v. State, Tex.Cr. App., 453 S.W.2d 828; Ex parte Jones, Tex.Cr.App., 449 S.W.2d 59; Gordon v. State, Tex.Cr.App., 461 S.W.2d 415. And as noted in Pope v. Ferguson, 445 S.W.2d 950, 956 (Tex., 1969), the United States Supreme Court has "inferentially indicated its agreement by its statement in Smith v. Hooey [393 U.S. 374, 84 S.Ct. 575, 28 L. Ed.2d 607] that '[u]pon the petitioner's demand, Texas had a constitutional duty to make a diligent, good-faith effort to bring him before the Harris County court for trial.' 393 U.S. 383, 89 S.Ct. 579, 21 L. Ed.2d 614." Still further, this court has held that an accused must have also applied to the Supreme Court of Texas for a writ of mandamus before he can complain of the failure to grant him a speedy trial. Goss v. State, 161 Tex.Cr.R. 37, 274 S.W. 2d 697; Parker v. State, Tex.Cr.App., 397 S.W.2d 853. See also Pope v. Ferguson, supra.

■ Since the demand for a speedy trial was not called to the trial court's attention nor was relief sought by virtue of a writ of mandamus, and since the appellant points to no proof of any actual prejudice as a result of the delay, and since the record contains no suggestion of any intention on the part of the State to prejudice or oppress the appellant, his claim of a constitutional denial of a speedy trial is without merit.

■ Appellant also contends the district court lacked jurisdiction to try the misdemeanor alleged in the second count of the indictment, of which he stands convicted. He acknowledges that district courts have jurisdiction of "all misdemeanors involving official misconduct," Article V, Sec. 8, Texas Constitution; Article 4.05, V.A.C. C.P., but contends the acts alleged against him did not involve official misconduct. The said portion of the indictment charged and the evidence showed that on March 3, 1965, the appellant was a warrant officer of the city of Houston, a municipal corporation, and that in his official capacity he came into the possession of $30 belonging to Lee Sheffler by virtue of an oral agreement with Sheffler to pay such money to an agent of the city of Houston in payment of fines assessed against one Jessie Fowler in the Corporation Court of such city, and that he unlawfully and without consent converted such money to his, the appellant's, own use and benefit.

"Official misconduct is defined by statute as any unlawful behavior in relation to duties of office that is wilful in character, including wilful or corrupt failure, refusal or neglect of an officer to perform any duty enjoined on him by law." 39 Tex.Jur.2d, Municipal Corporations, Sec. 168, p. 518. See Article 5973, V.A. C.S.

We reject appellant's claim that his official position at the time and his acts, if any, were insufficient to constitute official misconduct so as to confer jurisdiction upon the district court. Cf. Brackenridge v. State, 27 Tex.App. 513, 11 S.W. 630.

Finding the remainder of appellant's grounds of error unreviewable in light of Article 40.09, Sec. 13, supra, the judgment is affirmed.