736 S.W.2d 818 (1987)
Patricia Ann HALL, Appellant,
v.
The STATE of Texas, Appellee.
Nos. B14-86-134-CR, B14-86-135-CR.
Court of Appeals of Texas, Houston (14th Dist.).
July 23, 1987.
On Motion for Rehearing September 24, 1987.
*819 Michael Ramsey, Houston, for appellant.
John B. Holmes, Jr., William J. Delmore, III, Houston, for appellee.
Before PRESSLER, MURPHY and ELLIS, JJ.

OPINION
MURPHY, Justice.
Appellant was convicted by a jury in two cases of criminally negligent homicide. Punishment was assessed in each case at one year confinement, probated for one year, and a $1,500.00 dollar fine. In six points of error appellant complains that: the district court lacked jurisdiction over this misdemeanor case; the indictments are defective; the trial court erred in refusing a profferred jury instruction and; the evidence is insufficient. We reverse.
On June 27, 1985, appellant was employed as a Harris County deputy sheriff and was assigned to motor vehicle patrol duties. She was dressed in a sheriff's department uniform and was driving a marked patrol vehicle. Acting in her official capacity, she was driving eastbound on Market Street intending to drive past a residence to obtain the license plate number of a vehicle for use in a narcotics investigation. She did not utilize the patrol car's emergency lights or siren. As appellant proceeded down Market Street a Pontiac automobile traveling westbound on Market Street began to execute a left turn in front of the patrol car. Appellant braked sharply, causing the patrol car to skid approximately 182 feet before slamming into the passenger side of the Pontiac. Both occupants of the Pontiac were killed.
The posted speed limit on Market Street in the vicinity of the scene of the collision is thirty miles per hour. Eyewitnesses estimated appellant's speed immediately before the collision to fall within a range between fifty-five and seventy miles per hour. In addition, an accident reconstruction expert, basing his opinion as to appellant's minimum speed upon the length of the skid marks, testified that appellant must have been traveling at a minimum speed of fifty-nine miles per hour.
In her first point of error appellant complains that the district court was without jurisdiction to hear a misdemeanor case of criminally negligent homicide. See Tex. Pen.Code Ann. § 19.07 (Vernon 1974). Tex.Code Crim.Proc.Ann. art. 4.05 (Vernon Supp.1987) provides:
District courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony, of all misdemeanors involving official misconduct, and of misdemeanor cases transferred to the district court under Article 4.17 of this code.
Id. The district court is granted jurisdiction only over those misdemeanors involving official misconduct. The indictments against appellant are identical and read:
Intentionally and knowingly operate a motor vehicle upon a public highway, in her official capacity as a Harris County Sheriff's Office Deputy, [and] did then and there negligently cause her official police vehicle to collide with a vehicle occupied by Complainant, and by the Defendant's criminal negligence, did cause the death of the Complainant, namely, by operating her official police vehicle at a greater rate of speed than was reasonable and prudent under the existing conditions, and by failing to maintain a proper lookout for the vehicle occupied by the Complainant and the Defendant was not responding to any emergency call.
The court of criminal appeals addressed the issue of whether a misdemeanor involved official misconduct in Gallagher v. State, 690 S.W.2d 587 (Tex.Crim.App.1985). In Gallagher, a deputy constable detained a woman and forced her to expose herself to him under threat of arrest. See id. at 590. He was charged with official oppression, a misdemeanor. See id. at 588. The court quoted the definition of official misconduct from Tex.Rev.Civ.Stat.Ann. art. 5973 (Vernon 1962):
*820 By `official misconduct,' as used herein with reference to county officers, is meant any unlawful behavior in relation to the duties of his office, wilful in its character, of any officer intrusted in any manner with the administration of justice, or the execution of the law; and includes any wilful or corrupt failure, refusal or neglect of an officer to perform any duty enjoined on him by law. (emphasis added).
Gallager v. State, 690 S.W.2d at 593. The court found that the offense in Gallagher involved official misconduct. The courts of this state have found offenses to involve official misconduct in several cases: Simpson v. State, 137 S.W.2d 1025 (Tex. Crim.App.1940) (police officer used violent means to obtain a confession); Bolton v. State, 69 Tex.Cr.R. 582, 154 S.W. 1197 (1913) (tax assessor failed to make a statutorily required report of collected fees); Hatch v. State, 10 Tex.Cr.R. 515 (1881) (county jailor unlawfully and negligently permitted four prisoners to escape from his official custody); Rendon v. State, 695 S.W.2d 1 (Tex. App.Corpus Christi 1985, pet. refused) (police officer caused a person to be held in jail without cause); Emerson v. State, 662 S.W.2d 92 (Tex.App.Houston [1st Dist.] 1983) (police officer detained female in order to pressure and persuade her into engaging in sexual intercourse with him), aff'd, 727 S.W.2d 267 (Tex.Crim.App.1987).
In each of the above cited cases, the acts in question were violations of duties, affirmatively imposed by law, which specifically related to the individual's office. However, the instant offense was not related to appellant's position as a deputy sheriff. The offense she committed would have been equally serious and equally punishable had she been off-duty and driving her personal automobile. Not every offense committed by a public official involves official misconduct. See Craig v. State, 31 Tex.C.R. 29, 19 S.W. 504 (1892) (drunkenness in office did not involve official misconduct). The defendants in Gallagher and Emerson were found to have committed offenses involving official misconduct because they used the fact that they were law enforcement officers to coerce women into participating in indecent activity with them.
The instant case involves nothing more than an individual driving an automobile in a negligent manner. Any person could have committed the same offense committed by appellant. The offense did not involve a violation of a duty, imposed by law, specifically related to her office. See Tex. Rev.Civ.Stat.Ann. art. 5973 (Vernon 1962). The duty to drive in a non-negligent manner breached by appellant is one imposed upon all persons who drive, not only peace officers. Appellant was not charged with a misdemeanor offense involving official misconduct and the district court lacked jurisdiction to hear the case.
The state argues that the jurisdiction of the district court was expanded by the 1985 constitutional amendments to include all misdemeanors except those falling within the exclusive municipal court jurisdiction established in Tex.Code Crim.Proc.Ann. art. 4.14 (Vernon Supp.1987). Therefore, claims the state, the district court did have jurisdiction to hear appellant's misdemeanor case regardless of whether it involved official misconduct.
Prior to the amendments of 1985, Article V, Section 8 of the Texas Constitution provided that the "district court shall have original jurisdiction in all criminal cases of the grade of felony ... [and] of all misdemeanors involving official misconduct." Article V, Section 8 was amended on November 5, 1985 to read:
District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.
The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under *821 such regulations as may be prescribed by law.
The amendment does not have the effect of conferring upon the district court jurisdiction over nearly all misdemeanor prosecutions. Quite simply, Article V, Section 8 now provides that district courts have jurisdiction of all actions unless "exclusive, appellate or original jurisdiction may be conferred by this Constitution or other law on some other court or administrative body." (emphasis added). Tex.Code Crim.Proc. Ann. art. 4.07 (Vernon 1977), provides the relevant exception in the instant case:
The county courts shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed two hundred dollars.
Id. Since this "other law" confers original jurisdiction over misdemeanors to the county courts, the district courts do not have jurisdiction over such cases. The district court did not have jurisdiction to hear the case against appellant. Appellant's first point of error is sustained.
Due to our disposition of this case we do not need to address appellant's remaining points of error.
The judgment is reversed and the indictments ordered dismissed.

OPINION ON MOTION FOR REHEARING
On motion for rehearing the state urges this Court to reconsider its holding in order to avoid coming into direct conflict with the Court of Criminal Appeals. The state argues that this Court set forth or created a test which is not substantiated in any prior case law. This alleged test is for determining when official misconduct exists for jurisdictional purposes and, according to the state, dictates: "that an act of official misconduct must (1) involve a violation of a statute which relates to the duties of a particular officer of government, and (2) involve conduct which might be considered more reprehensible if committed by a government official, rather than a private citizen." It was not the intention of this Court to create such a narrow test.
Specifically, our use of the words "imposed by law" modifies "duty" and does not only mean a duty imposed by a statute. In the same sense, we believe our opinion is not in conflict with Robinson v. State, 470 S.W.2d 697 (Tex.Crim.App.1971), where the court held that conversion by a warrant officer of money that had come into his possession by virtue of an oral agreement to pay such money to an agent of the city in satisfaction of certain fines, did constitute official misconduct and therefore, conferred jurisdiction on the district court.
The state also cited the Robinson case in its motion as additional authority for the application of Tex.Rev.Civ.Stat. Ann. art. 5973 (Vernon 1962), which we also cited in our opinion. Here, the state argues that art. 5973 includes within its scope an officer's negligent failure "to perform any duty enjoined on him by law," without requiring that the law in question be one "specifically related to the defendant's office", as the Court suggests. While we do not mean to dictate a new requirement for the offense of official misconduct, namely, that the violation of a particular statute related to the prescribed duties of an official must be established, we do maintain that those duties should be "specifically related to the defendant's office" in order to constitute the offense of official misconduct. Notably, and as conceded by the state, art. 5973 should not be considered as the sole standard for determining the offense of official misconduct for jurisdictional purposes. This statute is expressly limited to removal actions. In fact, we are guided in our decision more persuasively by the case law already cited in our opinion. In every case we have come across in our research, including Robinson, the acts of official misconduct were inextricably a function of the official duties of the defendant. We do not consider operating a motor vehicle an inextricable function of a police officer's official duties. We do find that placing an individual under threat of arrest, Gallagher v. State, 690 S.W.2d 587, 590 (Tex.Crim.App.1985); or using improper *822 means to obtain a confession, Simpson v. State, 138 Tex.Cr.R. 622, 137 S.W.2d 1025 (1940), (among other cases) are examples of misconduct by police officers performing inextricable functions of their office.
We now consider the second prong of the test which the state has inferred from our opinion. The complained of language consists of:
In each of the above cited cases, the acts in question were violations of duties, affirmatively imposed by law, which specifically related to the individual's office. However, the instant offense was not related to appellant's position as a deputy sheriff. The offense she committed would have been equally serious and equally punishable had she been off-duty and driving her personal automobile. Not every offense committed by a public official involves official misconduct.
(The underlined portions are considered by the state as the most damaging). Apparently, the state understands this to mean that an "offense involving official misconduct must either be one that cannot be committed by an ordinary citizen, or would be more `serious' and `punishable' if committed by a public servant". We agree with the first statement, that is: official misconduct is an offense which cannot be committed by an ordinary citizen. However, in opposing this view, the state cites Robinson v. State, 470 S.W.2d 697, once again, claiming that it involved theft by a bailee. The state argues that theft by a bailee is an offense which anyone could commit, but, in Robinson the Court held it constituted official misconduct. Yet, we note that the facts in Robinson clearly state that the appellant was a warrant officer for the city of Houston and that "in his official capacity he came into the possession of $30 470 S.W.2d at 699. Clearly, the appellant in Robinson would not have received the money if he had not been a warrant officer. Moreover, it was an inextricable function of his position as a warrant officer to properly convey the $30 to an agent of the city in satisfaction of certain fines. An ordinary citizen would not have received the $30 under those circumstances nor would it have been a duty or function of his office to properly convey the money.
Additionally, we do not see how our decision implies that an act must be more serious or punishable if committed by a public servant to constitute official misconduct. This statement bears no relationship to our decision. The quoted language from the opinion of which the state complains was essentially made for the point that "not every offense committed by a public official involves official misconduct".
Finally, we take note that the state has correctly pointed out the effect of the recent amendment of Article V, Section 8, of the Texas Constitution concerning jurisdiction in the district court. That newly amended provision only deprives the district court of concurrent or original jurisdiction when another court or tribunal has a grant of exclusive jurisdiction over the matter involved. Consequently, we withdraw our reference to the Tex.Code Crim. Proc.Ann. art. 4.07 (Vernon 1977) as authority for our holding that the district court had no jurisdiction over the matter. This statute only grants original jurisdiction to the county courts over all misdemeanors and apparently would not preclude the district court of concurrent jurisdiction. We now cite to Tex.Gov't Code Ann. section 26.045(a) (Vernon 1987) which reads:
A county court has exclusive original jurisdiction of misdemeanors other than misdemeanors involving official misconduct and cases in which the highest fine that may be imposed is $200 or less. (emphasis added).
Accordingly, we deny the state's motion for rehearing for the reasons set out herein, and reform our original opinion as noted.