**The STATE of Texas, Appellant,**

**v.**

**Patricia Ann HALL, Appellee.**

**No. 01–89–01103–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 9, 1990.

Rehearing Denied Sept. 13, 1990.

Colin B. Amann, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Alan Curry, Denise Dyer, Asst. Dist. Attys., for appellee.

Before SAM BASS, COHEN and STEPHANS[1], JJ.

## OPINION

SAM BASS, Justice.

The State appeals from an order dismissing the information charging appellee, Pa-

1. The Honorable Bill J. Stephans, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

tricia Ann Hall, with two counts of criminally negligent homicide. The trial court found that the instant prosecution was barred by the statute of limitations. In its sole point of error, the State contends that the statute of limitations was tolled during the pendency of appellee's appeal of her convictions under two previous indictments, each charging her with a separate count of criminally negligent homicide, both of which arose from the same conduct as this action. The Fourteenth Court of Appeals previously determined that the district court did not have jurisdiction over the two offenses alleged in those prior indictments and ordered them dismissed. *Hall v. State*, 736 S.W.2d 818, 820–21 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd).

We affirm.

In November 1985, the grand jury returned two indictments, which were presented in the district court, and alleged that appellee committed negligent homicide against two persons, Iva Knight and *Marie* Knight Baldwin. The State asserts that it believed the cases to be misdemeanors involving "official misconduct because the facts revealed that the appellee was acting in her official capacity when she committed the offense," and that "the prior indictments against the appellee clearly alleged a misdemeanor offense involving official misconduct which can be filed with a district court." The Fourteenth Court of Appeals rejected these contentions, finding that appellee "was *not* charged with a misdemeanor offense involving official misconduct," but rather, was charged with the misdemeanor offense of criminally negligent homicide. *Hall*, 736 S.W.2d at 820 (emphasis added). The court held that the indictments should have been dismissed because the district court did not have jurisdiction to hear the cases. *Id.* at 820–21.

On August 23, 1989, the State filed this information, alleging that appellee had committed two counts of negligent homicide, against Iva Knight and *Margie* Knight Baldwin. Both counts attempted to allege facts that would toll the statute of limitations: (1) that on or about November 19, 1985, two indictments charging appellee with "Criminally Negligent Homicide involving official misconduct" were returned; and (2) the indictments were dismissed on March 21, 1989.

■ The first question is whether this Court is bound by the holding of the Fourteenth Court of Appeals that the district court did not have jurisdiction over the previous indictments.

The legal principle or doctrine of "the law of the case" in its most basic form provides that an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue should there be another appeal. *Ware v. State*, 736 S.W.2d 700, 701 (Tex.Crim.App.1987); *see also Granviel v. State*, 723 S.W.2d 141, 147 (Tex.Crim.App.1986), *cert. denied*, 484 U.S. 872, 108 S.Ct. 205, 98 L.Ed.2d 156 (1987) ("where determinations as to questions of law have already been made on a prior appeal to a court of last resort, those determinations will be held to govern the case throughout all of its subsequent stages, including a retrial and a subsequent appeal"); *Jordan v. State*, 576 S.W.2d 825, 828 (Tex.Crim.App. [Panel Op.] 1978).

It should be noted that the Court of Criminal Appeals refused the petition for discretionary review of the decision of the Fourteenth Court of Appeals in *Hall*. The refusal of the Court of Criminal Appeals to grant a petition for discretionary review is not, however, to be construed as approval of the reasoning used by the court of appeals in reaching its decision. *See Milam v. State*, 791 S.W.2d 120 (Tex.Crim.App., 1990).

The question of whether one intermediate appellate court is bound by the holding of another intermediate appellate court on subsequent appeal, under the "law of the case" doctrine, when the Court of Criminal Appeals has merely declined to review the prior decision, appears to be one of first impression.

Because the "law of the case" doctrine is as applicable to appeals in criminal cases as it is to appeals in civil cases, *Ware,* 736 S.W.2d at 701, a review of civil case law is appropriate. The Texas Supreme Court has held that the notation "writ refused," placed on the decision of an intermediate appellate court invokes the "law of the case" doctrine, and is binding on the Texas Supreme Court on subsequent appeal. *Lone Star Gas Co. v. State,* 137 Tex. 279, 297–98, 153 S.W.2d 681, 691 (1941), *motion denied,* 315 U.S. 8, 62 S.Ct. 418, 86 L.Ed. 579 (1942). However, the Texas Supreme Court has held that it is not bound by the intermediate appellate court decision where the application for writ of error was refused, no reversible error, *Burchfield v. Markham,* 156 Tex. 329, 334, 294 S.W.2d 795, 798 (1956), *cert. denied,* 353 U.S. 988, 77 S.Ct. 1284, 1 L.Ed.2d 1143 (1957), or dismissed for want of jurisdiction. *Fant v. Howell,* 547 S.W.2d 261, 264 (Tex.1977).

The facts of *Houston Endowment Inc. v. City of Houston,* 468 S.W.2d 540, 543 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.), closely resemble ours. In *Houston Endowment,* the Fourteenth Court of Civil Appeals noted that this Court had previously fully considered the questions presented in the subsequent appeal. *Id.* at 543. Noting the general rule of "the law of the case," the Fourteenth Court stated:

> Although a determination of whether a prior decision in the same case will be reopened upon a second appeal is a matter within the discretion of the appellate court, this Court is not persuaded that this is a proper instance for its exercise.

*Id.* (citations omitted). For the reasons stated in *Houston Endowment,* and in the interests of uniformity, judicial economy, and efficiency, *see Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986), we adopt the holding in *Hall:* that the two indictments purporting to charge appellee with criminally negligent homicide involving official misconduct, did not confer jurisdiction on the district court.

Because the two indictments in the previous cases charged appellee with criminally negligent homicide, *Hall,* 736 S.W.2d at 819, a class A misdemeanor, Tex. Penal Code Ann. § 19.07(b) (Vernon 1989), the applicable statute of limitations is two years. *See* Tex.Code Crim.P.Ann. art. 12.-02 (Vernon 1977). The information in our case, which alleged that appellee committed criminally negligent homicide on June 27, 1985, was filed in county court on August 23, 1989, more than two years after the offense was allegedly committed.

An indictment, information, or complaint that shows on its face that the offense charged is barred by limitations, is so fundamentally defective that the trial court does not have jurisdiction. *Ex parte Dickerson,* 549 S.W.2d 202, 203 (Tex.Crim.App. 1977). If the charging instrument shows on its face the prosecution of the offense is barred by limitations, then factors tolling the statute of limitations must be alleged and proved by the State. *Vasquez v. State,* 557 S.W.2d 779, 783 n. 5 (Tex.Crim. App.1977); *Ex parte Dickerson,* 549 S.W.2d at 203. Therefore, the instant prosecution is barred unless the statute of limitations was tolled during the pendency of the previous indictments.

Article 12.05 of the Texas Code of Criminal Procedure, the tolling statute, provides:

> (b) The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.

> (c) The term "during the pendency," as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of *competent jurisdiction,* and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason.

Tex.Code Crim.P.Ann. art. 12.05(b) & (c) (Vernon 1977) (emphasis added). In *Ex parte Ward,* 560 S.W.2d 660, 661–62 (Tex. Crim.App.1978), the court held that the fil-

ing of an indictment in district court outside the limitations period, which charged a felony offense and alleged that a complaint was filed in justice court within the limitations period, shows "on its face that it is barred by limitation." *See also Dickerson v. State,* 571 S.W.2d 942, 943 (Tex.Crim. App. [Panel Op.] 1978) (a complaint, filed in justice court, will not toll the running of the statute of limitations in a felony case). Noting that article 12.05 requires the indictment, information, or complaint to be filed in a court of competent jurisdiction, the *Ward* court stated, " 'A court of competent jurisdiction means a court that has jurisdiction of the offense.' " 560 S.W.2d at 661–62 (quoting *Hultin v. State,* 171 Tex.Crim. 425, 351 S.W.2d 248, 255 (1961)). The essential elements of jurisdiction are: (1) authority over the person; (2) authority over the *subject matter;* and (3) power to enter the particular judgment rendered. *Hultin,* 351 S.W.2d at 255. In criminal law, the term "subject matter," as used with reference to the problem of jurisdiction, refers to the offense. *Id.*

■ The State urges that it acted in good faith. In civil cases, this argument would prevail. Section 16.064 of the Texas Civil Practice and Remedies Code contains a savings provision that tolls the statute when a party, acting in good faith, files suit in a court that is later determined to lack jurisdiction. Tex.Civ.Prac. & Rem. Code Ann. § 16.064 (Vernon 1986). However, article 12.05 of the Code of Criminal Procedure contains no such provision. Therefore, the State's good faith, or lack thereof, is not relevant in this case.

The State also contends that the trial court's action in dismissing the information in this case conflicts with the decision of the Court of Criminal Appeals in *Ex parte Slavin,* 554 S.W.2d 691, 692–93 (Tex.Crim. App.1977). In *Slavin,* the court held that the statute of limitations was tolled during the pendency of the initial indictment, even though the indictment was defective because it failed to allege that the act was done with intent to arouse or gratify the sexual desire of any person. *Id.* at 692–93.

We note that nowhere in Tex.Code Crim. P.Ann. art. 12.05, are valid charging instruments treated differently from invalid ones. It makes no difference whether the initial indictment is faulty or valid; the statute of limitations is tolled by the filing of a charging instrument in a court of *competent* jurisdiction. *See Vasquez,* 557 S.W.2d at 784. However, article 12.05 *does* treat charging instruments filed in a court of *competent* jurisdiction differently from those not filed in a court of competent jurisdiction; the statute is tolled in the former instance, while it is not in the latter. While the initial indictment in *Slavin* was filed in a court of *competent* jurisdiction, the indictments in our case were *not.*

The State correctly points out that jurisdiction "includes the power to determine either rightfully or wrongfully," no matter how erroneous the decision. *See State ex rel. Holmes v. Denson,* 671 S.W.2d 896, 898 (Tex.Crim.App.1984); *Garcia v. Dial,* 596 S.W.2d 524, 528 (Tex.Crim.App. [Panel Op.] 1980). However, because "the district court *lacked* jurisdiction," over the previous indictments, which purported to charge appellee with criminally negligent homicide involving official misconduct, *Hall,* 736 S.W.2d at 820 (emphasis added), the district court was precluded from taking any action other than dismissing the indictments:

If the court has no jurisdiction, it should proceed no further with the case other than to dismiss it for want of power to hear and determine the controversy. In such a case, any order or decree entered, other than one of dismissal is *void.*

*State ex rel. Millsap v. Lozano,* 692 S.W.2d 470, 482 (Tex.Crim.App.1985) (emphasis added).

Because the initial indictments were *not filed* in a court of *competent* jurisdiction, their pendency did not toll the running of the statute of limitations.

The State's point of error is overruled.

The judgment is affirmed.