The STATE of Texas, Appellant,

v.

Betty DENTON, Appellee.

No. 3–94–214–CR.

Court of Appeals of Texas,
Austin.

Jan. 18, 1995.

Discretionary Review Refused
May 10, 1995.

---

**2.** See *Hawkins v. Van Zandt County Appraisal District,* 834 S.W.2d 619 (Tex.App.—Eastland 1992, writ den'd).

Ronald Earle, Dist. Atty., Claire Dawson–Brown, Asst. Dist. Atty., Austin, for appellant.

Vic Feazell, E.G. Morris, Morris & Florey, L.L.P., Austin, for appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

JONES, Justice.

The State of Texas appeals a district-court order quashing one count of a four-count indictment against former state representative Betty Denton, appellee. Tex.Code Crim. Proc.Ann. art. 44.01(a)(1) (West Supp.1995). In a single point of error, the State contends the trial court erred in granting Denton's motion to quash a misdemeanor perjury count due to lack of jurisdiction. We will reverse the district court's order.

## BACKGROUND

On January 11, 1993, then state representative Betty Denton was indicted into district court by the Travis County Grand Jury for felony tampering with a governmental record and for misdemeanor perjury. The indictment stems from alleged irregularities in the truth and accuracy of Denton's statutorily required officeholder reports of contributions. Tex.Elec.Code Ann. § 254.093 (West Supp.1995). The State alleges that Denton falsely swore to the accuracy of her officeholder reports, amounting to misdemeanor perjury. Tex.Penal Code Ann. § 37.02 (West 1994). Denton moved to quash the misdemeanor count on the ground that the district court lacked jurisdiction over the misdemeanor offense. The State contended that jurisdiction was proper because district courts have jurisdiction over all misdemeanors involving "official misconduct." Tex. Code Crim.Proc.Ann. art. 4.05 (West Supp. 1995). Following a hearing, the district court granted the motion to quash. On appeal the State reiterates that the alleged perjury offense constitutes official misconduct, thereby vesting jurisdiction in the district court.

## DISCUSSION

■ Article 4.05 of the Code of Criminal Procedure provides that "[d]istrict courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony [and] of all misdemeanors involving official misconduct." Tex.Code Crim.Proc. Ann. art. 4.05 (West Supp.1995). For a criminal act to constitute "official misconduct" as used in article 4.05, "it must be both wilful and related to the duties of the defendant's office." *State v. Hall,* 829 S.W.2d 184, 188 (Tex.Crim.App.1992); *see Gallagher v. State,* 690 S.W.2d 587, 593 (Tex.Crim.App.1985). In the present case, there is no question about the "wilfulness" of the perjury allegation. The sole question of law is whether compliance with the Election Code provisions for officeholder reports is "related to the duties of the defendant's office."

A review of the cases involving jurisdictional official misconduct[1] offers scant guid-

---

1. Jurisdictional official misconduct concerns the power of the district court to hear misdemeanor cases involving official misconduct under article 4.05 of the Code of Criminal Procedure. Before the 1993 amendments to the Penal Code, a specific criminal offense of "official misconduct"

ance on determining whether an act is related to official duties. In *Robinson v. State*, 470 S.W.2d 697 (Tex.Crim.App.1971), a Houston warrant officer was convicted in district court of misdemeanor theft of thirty dollars that had been entrusted to him for payment of fines. Robinson challenged the jurisdiction of the district court over this misdemeanor offense. Defining official misconduct as "any unlawful behavior in relation to duties of office that is wilful in character," the Court of Criminal Appeals concluded that Robinson's conduct was official misconduct conferring jurisdiction on the district court. *Id.* at 699.

*Gallagher* provides the most extensive treatment of jurisdictional official misconduct. Gallagher, a reserve deputy constable, was convicted in county criminal court of official oppression, a Class A misdemeanor, for coercing a woman into sexual conduct under threat of arrest. *Gallagher*, 690 S.W.2d at 588, 590. Gallagher contended that the offense of "official oppression" was a misdemeanor involving official misconduct and that exclusive jurisdiction was therefore in the district court.[2] After tracing the history of criminal jurisdiction in the district

court for misdemeanors involving official misconduct, the Court of Criminal Appeals concluded that the offense of "official oppression" was within the ambit of the phrase "official misconduct," placing jurisdiction in the district court rather than the county criminal court; Gallagher's conviction was reversed. *Id.* at 594.

The most recent treatment of the jurisdictional issue is found in *Hall*. A deputy sheriff was indicted in district court for criminally negligent homicide, then a Class A misdemeanor,[3] for deaths resulting from the negligent operation of a patrol car. *Hall*, 829 S.W.2d at 185. Hall challenged the indictment because it failed to allege either of the two requisites for official misconduct—wilfulness and relation to her official duties. After reciting the standard for official misconduct created in *Robinson* and *Gallagher*, the Court of Criminal Appeals concluded that criminally negligent homicide as alleged in Hall's indictment was neither wilful nor related to the duties of her office. *Id.* at 187–88.[4]

While the *Robinson–Gallagher–Hall* trilogy establish a legal definition of official misconduct under article 4.05, they are less in-

also existed. *See* Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 39.01, 1973 Tex.Gen.Laws 883, 952, *amended by* Act of May 28, 1983, 68th Leg., R.S., ch. 558, § 7, 1983 Tex.Gen.Laws 3237, 3241 (Tex.Penal Code § 39.01, since amended and renumbered). This offense has been amended, renumbered, and renamed as "abuse of official capacity." Tex.Penal Code Ann. § 39.02 (West 1994).

2. Article V, section 8 of the 1876 Texas Constitution provided that the "District Court shall have original jurisdiction ... of all misdemeanors involving official misconduct." Tex. Const. art. V, § 8 (1876, amended 1985). Article 4.05 of the Code of Criminal Procedure was the legislative restatement of this constitutional command. *Gallagher*, 690 S.W.2d at 591. Article V, section 8 of the Texas Constitution currently provides that district courts have jurisdiction over all cases, except where exclusive, appellate, or original jurisdiction is vested in some other tribunal by the constitution or other law. Tex. Const. art. V, § 8. With this change in constitutional language, article 4.05 now controls the district court's jurisdiction over misdemeanors involving official misconduct.

3. The offense of criminally negligent homicide is now a state jail felony. Tex.Penal Code Ann. § 19.05(b) (West 1994).

4. *Hall* had a peculiar procedural history. The original prosecution for criminally negligent homicide was commenced in district court in Harris County. Hall moved to dismiss the indictment on jurisdictional grounds, but the motion was denied; Hall was convicted. However, the Fourteenth Court of Appeals reversed the conviction on the grounds that the district court lacked jurisdiction because the alleged offense was not official misconduct. *Hall v. State*, 736 S.W.2d 818 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). The State then pursued prosecution in county criminal court. Hall successfully moved to dismiss the information on the basis that the two-year statute of limitations for misdemeanors barred prosecution. The State unsuccessfully appealed the decision to the First Court of Appeals on the basis that the district court was a court of competent jurisdiction; therefore, the original indictment tolled the statute of limitations. *State v. Hall*, 794 S.W.2d 916 (Tex.App.—Houston [1st Dist.] 1990). The Court of Criminal Appeals granted the State's petition for discretionary review. In order to resolve the statute of limitations issue, the court revisited the question of whether the original indictment in district court was proper. *State v. Hall*, 829 S.W.2d 184 (Tex.Crim.App.1992).

structive in determining what acts are "related to the duties of the defendant's office." Under *Gallagher*, official oppression is always a form of official misconduct. Likewise, theft of money entrusted to a public official is related to official duties and therefore is official misconduct under *Robinson*. Under *Hall*, in contrast, negligent operation of a motor vehicle by a public official is not related to official duties and therefore falls outside the scope of official misconduct. With this guidance, we must decide whether compliance with the Election Code's requirements for officeholder reports is a duty related to the office of a state legislator.

■ Election Code requirements applicable to an officeholder apply only to persons who hold elective public office. Tex.Elec. Code Ann. § 251.002(a) (West Supp.1995). The legislature specifically imposes a legal duty that "[a]n *officeholder shall file* two reports for each year as provided by this section." Tex.Elec.Code Ann. § 254.093(a) (West Supp.1995) (emphasis added). The contents of these statutorily required officeholder reports are outlined by the Election Code. *See* Tex.Elec.Code Ann. § 254.031 (West Supp.1995). Further, each officeholder is required by statute to submit an accompanying affidavit containing the statement: "I swear, or affirm, that the accompanying report is true and correct and includes all information required to be reported by me under Title 15, Election Code." Tex.Elec. Code Ann. § 254.036(b) (West Supp.1995). These legislative commands impose a direct and specific legal duty on elected public officials. Compliance with these Election Code provisions is a duty related to the office of all elected public officials. Violation of these statutory provisions cannot be committed by an ordinary citizen, but only by an elected public official, including state legislators.

■ Denton argues that because this duty is placed on officeholders in general, instead of state legislators specifically, it cannot be official misconduct. Denton's position is that official misconduct requires a violation of duties specific to the "substantive" job of the officeholder, which in this case would presumably be a duty related directly to Denton's representation of her constituency in the Texas House of Representatives. However, the Court of Criminal Appeals has not adopted a definition of official misconduct that categorizes some official duties as substantive and others as peripheral. Rather, the court has consistently defined official misconduct as conduct that is "wilful and *related to the duties of the defendant's office.*" *Hall*, 829 S.W.2d at 188 (emphasis added).[5] Simply because the legislature requires other officeholders besides state legislators to meet the legal reporting requirements does not mean that the requirements are not a duty related to Denton's office.[6]

The adoption of Denton's substantive-duty distinction would create greater confusion, not greater clarity, in the area of official misconduct. At oral argument, counsel was unable to explain who would determine what duties fit into the substantive "job description" of each different public official. Such a distinction would leave public officials, prosecutors, and courts uncertain about what is "substantive enough" to come within a particular public official's substantive duties. The ensuing confusion would be compounded by the two-year statute of limitations for misdemeanor offenses. *See* Tex.Code Crim.Proc. Ann. art. 12.02 (West 1977). If a prosecutor guessed wrong on the substantiveness of an

---

5. Significantly, the Court of Criminal Appeals had the opportunity to create such a distinction in *Hall*. The court of appeals had defined jurisdictional official misconduct as a criminal act that is *"inextricably* a function of the official duties of the defendant." *Hall v. State*, 736 S.W.2d 818, 821 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd) (emphasis added). Although the Court of Criminal Appeals quoted this language in its description of the court of appeals' holding, it ultimately adopted a definition that required only a relation to the duties of the office. *See Hall*, 829 S.W.2d at 186, 188.

6. Similarly, Denton contends that since other provisions of the Election Code impose reporting duties on *candidates* for public office, the legislative directive targeted at officeholders cannot be a duty related to the office. *See* Tex.Elec.Code Ann. §§ 254.063, .064 (West Supp.1995). However, the fact that additional legislative requirements are imposed on candidates in a separate subchapter of the Election Code does not transform the statutory duties imposed on officeholders into duties an ordinary citizen can violate.

official's duty and indicted into the wrong court, the statute of limitations would not be tolled and future prosecution in the correct court would be barred. *See Hall,* 829 S.W.2d at 188 (failure to indict in a court of competent jurisdiction does not toll the statute of limitations).

■ In addition, a persuasive policy reason supports the treatment of wilful violations of an officeholder's legal duty under the Election Code as official misconduct. An indictment for such a misdemeanor violation puts jurisdiction in the district court. This provides greater procedural protection for the defendant-officeholder in the form of both a twelve-person jury[7] and a forum where all the participants deal regularly with more serious criminal offenses. The fact that the legislature placed jurisdiction of cases involving misdemeanor official misconduct in the district court evidences a desire to afford increased procedural protection to persons accused of such offenses. *See Gallagher,* 690 S.W.2d at 591. To subdivide this class of cases by attempting to cull out those perceived as not "substantive" is inconsistent with the procedural protection created by article 4.05.

■ We are mindful that not every offense committed by an officeholder is official misconduct. We conclude, however, that violation of a direct legislative command imposed specifically on an officeholder is sufficient to bring it within the scope of official misconduct. We hold that the legal duty imposed on officeholders by the Election Code reporting provisions is a duty related to the official's office. A wilful violation of this official duty comes within the Court of Criminal Appeals definition of "official misconduct" under the *Robinson–Gallagher–Hall* line of cases. Jurisdiction for such offenses is in the district court under article 4.05. We sustain the State's point of error.

## CONCLUSION

Concluding that the district court erred in quashing the misdemeanor perjury indict-

ment, we reverse the trial-court order and remand the cause for further proceedings.

---

7. The jury in a district court is composed of twelve persons whereas a county court jury is composed of only six. *Compare* Tex.Gov't Code Ann. § 62.201 (West 1988) (district court jury) *with* Tex.Gov't Code Ann. § 62.301 (West Supp. 1995) (county court jury).