**Opinion issued August 20, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-14-00962-CR**
_____

**THE STATE OF TEXAS, Appellant**

**V.**

**JIMMY EARL DRUMMOND, Appellee**

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Case No. 1446229**

---

## O P I N I O N

Appellant, the State of Texas, challenges the criminal district court's order granting the motion of appellee, Jimmy Earl Drummond, to quash and dismiss an indictment accusing him of the Class A misdemeanor offense of official

oppression.[1]  In three issues, the State contends that the criminal district court erred in granting appellee's motion, holding that the pertinent statute of limitations[2] "was not tolled by the filing of [its] initial complaint" against appellee, and holding that its initial complaint "was not filed in a court of competent jurisdiction."

We affirm.

## Background

On September 9, 2013, the State presented to a Harris County magistrate a "COMPLAINT," accusing appellee, then a sergeant with the Harris County Constable's Office ("HCCO"), Precinct 4, of committing the Class A misdemeanor offense of official oppression on or about September 10, 2011.  The complaint contains a probable cause affidavit, which was sworn to by a peace officer employed by the Harris County District Attorney's Office and subscribed before an assistant district attorney.  The magistrate found probable cause for the arrest of appellee, and the State filed the complaint in cause number 1400758 in the criminal district court on September 9, 2013.

On December 18, 2013, a Harris County Grand Jury returned a true bill of indictment, specifically alleging that appellee,

> on or about September 10, 2011, . . . while a public servant acting
> under color of his office and employment, namely a Sergeant with the

---

[1]  *See* TEX. PENAL CODE ANN. § 39.03(a)(1) (Vernon Supp. 2014).  With exceptions not applicable here, an offense is a Class A misdemeanor.  *Id.* § 39.03(d).

[2]  *See* TEX. CODE CRIM. PROC. ANN. art. 12.02 (Vernon 2015).

2

> [HCCO], intentionally subject[ed] . . . the Complainant[] to mistreatment that [appellee] knew was unlawful, to wit: by kicking the Complainant [and] . . . by dropping his knee forcefully on the Complainant's upper back and neck area while the Complainant was handcuffed and face-down on the ground [and] . . . by grabbing the Complainant's head and pulling it back while the Complainant was handcuffed and face-down on the ground.

Appellee challenged this indictment in his "Motion to Quash Indictment and Dismiss Prosecution," asserting that the indictment was improperly returned after the expiration of the two-year statute of limitations governing the offense.[3]

On October 24, 2014, before the criminal district court ruled on appellee's motion to quash and dismiss, another Harris County Grand Jury returned a second true bill of indictment in trial court cause number 1446229, the instant cause. This second indictment contains the above quoted language from the first indictment. And it "further allege[s]" that appellee "was previously charged by a complaint and information [sic] and indictment with this offense from September 9, 2013 through October 24, 2014, during which period the statute of limitations for this offense was tolled." Appellee challenged the October 24, 2014 indictment in a subsequent "Motion to Quash Indictment and Dismiss Prosecution," asserting that it was returned after the expiration of the two-year statute of limitations governing the offense.

---

[3] *See id.*

3

At a hearing on appellee's motions to quash and dismiss the indictments, the State conceded that appellee's motion to quash and dismiss the December 18, 2013 indictment was "meritorious" because it was returned outside of the two-year limitations period and "did not on its face contain [a] tolling paragraph." The trial court granted appellee's first motion and dismissed the December 18, 2013 indictment, noting that the State had "[a]greed as to [the] tolling paragraph."

In regard to appellee's motion to quash and dismiss the October 24, 2014 indictment in the instant cause, the State asserted that the complaint that it had initially filed in the criminal district court on September 9, 2013 tolled the two-year limitations period. Appellee, in contrast, asserted that in the prosecution of a Class A misdemeanor offense, a complaint, standing alone without the timely filing of an information or return of an indictment prior to the expiration of the two-year limitations period, does not toll the limitations period. The trial court granted appellee's motion and dismissed the October 24, 2014 indictment.

**Standard of Review**

We review a trial court's ruling on a motion to quash de novo. *Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010); *Tata v. State*, 446 S.W.3d 456, 462 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd); *see also State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004) ("When the resolution of a question of law does not turn on an evaluation of the credibility and demeanor of a witness,

4

then the trial court is not in a better position to make the determination, so appellate courts should conduct a de novo review of the issue."). We construe limitations provisions "strictly against the State and liberally in favor of the defendant." *Gallardo v. State*, 768 S.W.2d 875, 880 (Tex. App.—San Antonio 1989, pet. ref'd).

### Limitations

In its three issues, the State argues that the trial court erred in granting appellee's motion to quash and dismiss the October 24, 2014 indictment in the instant cause because its "initial complaint," filed in the criminal district court on September 9, 2013, tolled the two-year limitations period. *See* TEX. CODE CRIM. PROC. ANN. art. 12.05(b) (Vernon 2015).

Appellee argues that the trial court properly granted his motion to quash and dismiss the October 24, 2014 indictment "because both the original indictment and subsequent indictment were presented to the [criminal district] court after the limitations period had expired." He specifically argues that the trial court properly held that "the filing of the initial complaint did not toll the running of the statute of limitations because the mere filing of the complaint without the proper accusatory pleading, i.e., an information or indictment, does not toll the statute of limitations . . . for a Class A misdemeanor." *See* TEX. CODE CRIM. PROC. ANN. art. 12.02(a) (Vernon 2015).

A statute of limitations protects one accused of an offense "from having to defend [himself] against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." *Hernandez v. State*, 127 S.W.3d 768, 772 (Tex. Crim. App. 2004) (quoting *Toussie v. United States*, 397 U.S. 112, 114–15, 90 S. Ct. 858, 860 (1970), *superseded by statute on other grounds as recognized in United States v. Tavarez-Levario*, 788 F.3d 433, 437 (5th Cir. 2015)). A charging instrument must reflect on its face that a prosecution thereunder is not barred by the applicable statute of limitations. *Tita v. State*, 267 S.W.3d 33, 37 (Tex. Crim. App. 2008); *see also* TEX. CODE CRIM. PROC. ANN. art. 21.02(6) (Vernon 2009). If a comparison of the date on which a charging instrument is presented indicates that it was not presented within the applicable period of limitation, then, on a defendant's motion, it "must be dismissed." *Tita*, 267 S.W.3d at 37; *see also* TEX. CODE CRIM. PROC. ANN. art. 27.08(2) (Vernon 2006).

In 2009, the Texas Legislature amended article 12.02, which now, in regard to limitations for misdemeanor offenses, expressly provides:

(a)    An *indictment or information for any Class A* or Class B *misdemeanor* may be presented within two years from the date of the commission of the offense, *and not afterward*.

(b)    A *complaint or information for any Class C misdemeanor* may be presented within two years from the date of the commission of the offense, and not afterward.

6

TEX. CODE CRIM. PROC. ANN. art. 12.02 (emphasis added); *see also* Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 2(b), 1973 Tex. Gen. Laws 883, 975, *amended by* Act of May 25, 2009, 81st Leg., R.S., ch. 472, § (1)–(3), 2009 Tex. Gen. Laws 1077, 1077. In amending article 12.02, the legislature rewrote the previous single paragraphed article[4] and created two new subsections: (a), which concerns the requirement of a timely presentation of either "an indictment or information" for the prosecution of Class A and B misdemeanor offenses, and (b), which concerns the requirement of a timely presentation of either a "complaint or information" for the prosecution of a Class C misdemeanor offenses. *See* Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 2(b), 1973 Tex. Gen. Laws 883, 975 (amended 2009).

Here, the State, based on events occurring on September 10, 2011, attempted to accuse appellee of committing the offense of official oppression, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 39.03(a)(1), (d) (Vernon Supp. 2014). Thus, pursuant to the express language of article 12.02(a), the State, to prosecute appellee for the offense, was required to present "an *indictment* or *information*" against him by September 10, 2013, "*and not afterward.*" TEX. CODE CRIM. PROC. ANN. art. 12.02(a) (emphasis added).

---

[4] "An indictment or information for any misdemeanor may be presented within two years from the date of the commission of the offense, and not afterward." Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 2(b), 1973 Tex. Gen. Laws 883, 975, *amended by* Act of May 25, 2009, 81st Leg., R.S., ch. 472, § (1)–(3), 2009 Tex. Gen. Laws 1077, 1077.

Although, for limitation purposes, a timely presented "complaint" will suffice under article 12.02(b) for the prosecution of a Class C misdemeanor, only a timely presented "indictment or information" will suffice for the prosecution of Class A and B misdemeanors under article 12.02(a). It is undisputed that the State did not, by September 10, 2013, present in the criminal district court below an "indictment or information" against appellee for the Class A misdemeanor offense of official oppression. Indeed, the State did not present the indictment at issue until October 24, 2014.

The code of criminal procedure does further provide that the time "during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation." TEX. CODE CRIM. PROC. ANN. art. 12.05(b). And it specifically defines "during the pendency" as meaning

> Th[e] period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason.

*Id.* art. 12.05(c).

The State argues that its filing of its September 9, 2013 complaint "was sufficient to toll the statute of limitations" until the presentment of the October 24, 2014 indictment because article 12.05 expressly includes the word "complaint" and it employs the disjunctive, "or." However, a plain reading of article 12.05 reveals that nothing within it relieved the State of its obligation under article 12.02(a) to

8

present by September 10, 2013 in the criminal district court the appropriate charging instrument for the Class A misdemeanor offense of official oppression, i.e., either "an indictment or information."

Indeed, the legislature enacted article 12.05 because it "sought to give the State more freedom to prosecute defendants when the original [charging instrument] contains a defect." *Hernandez*, 127 S.W.3d at 771. "[M]any indictments, informations, and complaints [were] being held invalid because of procedural errors and defects in form that ha[d] nothing to do with the guilt or innocence of the persons charged, and persons guilty of capital, as well as other crimes, [we]re going unpunished. . . ." *Id.* (quoting *Vasquez v. State*, 557 S.W.2d 779, 784 n.7 (Tex. Crim. App. 1977), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998)). Simply put, "[t]he provisions [a]rticle 12.05(b) and (c) . . . were designed to overcome the rule that invalid indictments will not toll the running of the statutes of limitation in the absence of a statute so providing." *Vasquez*, 557 S.W.2d at 784. The court of criminal appeals has held that to fulfill the legislature's purpose in enacting article 12.05(b), "a prior indictment tolls the statute of limitations . . . for a subsequent indictment when both indictments allege the same conduct, same act, or same transaction." *Hernandez*, 127 S.W.3d at 774; *see, e.g.*, *Brice v. State*, No. 14-13-00935-CR, 2015 WL 545557, at *2 (Tex. App.—Houston [14th Dist.] Feb. 10, 2015, no pet.)

9

(mem. op., not designated for publication). Thus, article 12.05, presuming the existence of an appropriate charging instrument filed within the limitations period, merely grants the State time to address procedural errors and defects in the instrument that might not be raised before limitations expires.

Had the State timely presented a defective indictment or information against appellee in the criminal district court for the prosecution of the Class A misdemeanor offense of official oppression, the time "during the pendency" of the defective indictment or information, i.e., the time from the date of its filing to the date the defect was determined, would "not be computed in the period of limitation." *See* TEX. CODE CRIM. PROC. ANN. art. 12.05(b), (c). Likewise, had the State timely presented in an appropriate court a defective complaint for the prosecution of a Class C misdemeanor offense, the time "during the pendency" of the defective complaint, i.e., the time from the date of its filing to the date the defect is determined, would "not be computed in the period of limitation." *See id.* But, here, the State was attempting to charge appellee with a Class A misdemeanor offense, not a Class C misdemeanor offense, and the State's initial complaint filed on September 9, 2013 was, by its own admission, not an indictment or information.

A "complaint" serves as the charging instrument in a prosecution conducted in a municipal or justice court. TEX. CODE CRIM. PROC. ANN. arts. 45.001, .018 (Vernon 2006); *see also State v. Boseman*, 830 S.W.2d 588, 590 n.3 (Tex. Crim.

10

App. 1992) ("[M]unicipal courts are relatively unique, in that a prosecution in a municipal court is sufficient to support a conviction, *on a complaint alone*, without an information being filed."). A "complaint" may also serve as a basis for a probable cause finding for an arrest warrant or "serve as a basis for the issuance of an information or commencement of the indictment process." *Boseman*, 830 S.W.2d at 590 n.3; *Gordon v. State*, 801 S.W.2d 899, 916 (Tex. Crim. App. 1990) (noting distinction between complaint used to support warrant and complaint used as charging instrument).

Although an indictment or information charging a defendant with the commission of a Class A or B misdemeanor must be supported by an underlying complaint, it is the "presentment of an indictment or information to a court [that] invests the court with jurisdiction of the cause." TEX. CONST. art. V, § 12(b); *see* TEX. CODE CRIM. PROC. ANN. art. 21.22 (Vernon 2009). A trial court that "finds fault with an information or indictment does not 'dismiss' the complaint on which the indictment or information was based, but sets aside the information or indictment." *Boseman*, 830 S.W.2d at 590 n.3. And, again, article 12.02(a), in regard to Class A and B misdemeanor offenses, specifically requires that an "indictment or information," and not a complaint, be presented within two years from the date of the commission of the offense.

11

The case law concerning article 12.05 predates the legislature's 2009 rewrite of article 12.02 and is limited. Nevertheless, courts have previously held that a Class B misdemeanor complaint standing alone, without the timely presentation of an indictment or information within the limitations period, "does not trigger article 12.05(b)." *Marbach v. State*, 773 S.W.2d 411, 412 (Tex. App.—San Antonio 1989, no pet.); *see State v. Edwards*, 808 S.W.2d 662, 663 (Tex. App.—Tyler 1991, no pet.).

In *Edwards*, the State filed, within the limitations period, an affidavit in which the affiant accused the defendant of the Class B misdemeanor offense of theft. 808 S.W.2d at 663. After the limitations period had expired, the State filed a complaint and an information, formally accusing the defendant of the offense. *Id.* The State argued that the filing of its affidavit tolled the limitations period because it met the requirements of a "complaint." *Id.* (citing TEX. CODE CRIM. PROC. ANN. arts. 12.05, 15.05). The court explained that an affidavit made in support of an arrest warrant significantly differs from that required to support an information because an arrest warrant "may be procurable upon evidence insufficient or incompetent to support an information necessary to bring the accused to trial." *Id.* Thus, the court held that article 12.05 serves "only to stay the running of the limitation period during the pendency of the type of accusatory pleading appropriate to invoke the jurisdiction of a court of competent jurisdiction," which

12

is one that has jurisdiction of the offense. *Id.* It noted that because the State was attempting to charge the defendant with a Class B misdemeanor in a county court, "both a complaint and information [were] necessary to confer jurisdiction." *Id.* And a "filed misdemeanor complaint without a filed misdemeanor information [did] not suffice to toll the running of limitations under article 12.05." *Id.*

Acknowledging *Edwards*, the State nevertheless argues that "the filing of a complaint, charging a defendant with a felony or with a misdemeanor involving official misconduct, would be sufficient to toll the statute of limitations if the complaint had been filed in a 'court of competent jurisdiction.'" In support of this argument, the State relies on *Bonner v. State*, 832 S.W.2d 134 (Tex. App.—Amarillo 1992, pet. ref'd). In *Bonner*, although the State filed, in the district court and within the limitations period, a complaint charging the defendant with the felony offense of delivery of a controlled substance, an indictment was not returned until after the limitations period had expired. *Id.* at 135. The defendant argued that the filing of the complaint, standing alone, was insufficient to toll the running of the statute of limitations. *Id.*

The Amarillo Court in *Bonner* noted that in *Ex parte Ward*, the Texas Court of Criminal Appeals held that a complaint filed in a justice court did not toll the statute of limitations for a felony offense because the justice court, although it had authority to take a complaint and issue an arrest warrant, "did not have jurisdiction

13

of the felony offense charged . . . so as to come within the ambit of article 12.05." *Id.* (quoting *Ward*, 560 S.W.2d 660, 662 (Tex. Crim. App. 1978)).  The Amarillo Court reasoned, without explanation, that "[i]mplicit in" the holding in *Ward* was a "conclusion that if the complaint had been filed in a court of competent jurisdiction, i.e., the district court, the holding would have been different."  *Id*. And it held that the filing of the complaint in the district court, which was the "court of competent jurisdiction" to try the felony offense at issue, "was sufficient to invoke the jurisdiction of that court and to toll the limitation period."  *Id.* at 137. It further concluded, again without explanation, that *Edwards* was distinguishable in that it "dealt with the different requisites in a misdemeanor case," which were not applicable to the felony case before it.  *Id.*

As noted above, the time "during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation."  TEX. CODE CRIM. PROC. ANN. art. 12.05(b).  "[D]uring the pendency" means the "period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction . . . ."  *Id.* art. 12.05(c).  And the Texas Court of Criminal Appeals has held that "for purposes of Article 12.05, a court of competent jurisdiction is a court with jurisdiction to try the case."  *State v. Hall*, 829 S.W.2d 184, 187 (Tex. Crim. App. 1992).  Again, however, nothing in article 12.05 relieves the State of its obligation under article 12.02(a) to first timely present an

14

appropriate charging instrument for Class A and B misdemeanor offenses, i.e., either "an indictment or information."

Moreover, the court of criminal appeals and this Court have further explained that a "court of competent jurisdiction" means a "court that has jurisdiction of the offense," and the elements essential to that jurisdiction are: (1) authority over the person, (2) authority over the subject matter, and (3) *power to enter a judgment*. *See Ward*, 560 S.W.2d at 661–62; *Hall*, 794 S.W.2d at 919. Courts may lack jurisdiction for different reasons. For instance, in *Ward*, the justice court in which the complaint was filed lacked jurisdiction over the felony offense presented, or the "subject matter." 560 S.W.2d at 662; *Hall*, 794 S.W.2d at 919 (noting "subject matter" refers to offense).

Here, the criminal district court, in regard to the Class A misdemeanor offense of official oppression, lacked jurisdiction to enter a judgment on the instrument upon which the State relied to toll limitations, i.e., a complaint. *See Hall*, 794 S.W.2d at 919 (requiring power to enter judgment); *see also* TEX. CONST. art. V, § 12(b) (providing "presentment of an *indictment or information* to a court invests the court with jurisdiction of the cause" (emphasis added)). Thus, the State's September 9, 2013 complaint, standing alone without a timely filed information or indictment, did not toll the statute of limitations. *See* TEX. CONST.

art. V, § 12(b); TEX. CODE CRIM. PROC. ANN. 12.02(a); *Hall*, 829 S.W.2d at 187; *Ward*, 560 S.W.2d at 661–62; *Hall*, 794 S.W.2d at 919.

Again, article 12.02(a), as now rewritten in 2009 by the Texas Legislature, expressly states that an "*indictment or information for any Class A or Class B misdemeanor* may be presented within two years from the date of the commission of the offense, *and not afterward.*" TEX. CODE CRIM. PROC. ANN. art. 12.02(a) (emphasis added). Because the State did not present in the criminal district court an indictment or information against appellee for the Class A misdemeanor offense of official oppression within two years from the date of the commission of the offense, i.e., by September 10, 2013, it could not do so afterward. *Id.* Accordingly, we hold that the criminal district court did not err in granting appellee's motion to quash and dismiss the October 24, 2014 indictment.

We overrule the State's three issues.

## Conclusion

We affirm the order of the criminal district court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Publish. TEX. R. APP. P. 47.2(b).

16