**Cheryl MARBACH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–88–00243–CR.**

Court of Appeals of Texas,
San Antonio.

July 19, 1989.

Don Fidler, San Antonio, for appellant.

Fred G. Rodriguez, Robert McClure, Michael Gebhart, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and PEEPLES and CARR, JJ.

## OPINION

CARR, Justice.

Appellant was charged by complaint (filed on May 4, 1984) with the offense of theft of service (allegedly occurring on January 10, 1984), a class B misdemeanor. After appellant's plea to the jurisdiction of the trial court was denied on April 6, 1988, the trial court found her guilty and assessed punishment at twenty three (23) days' confinement in the Bexar County Jail.

Both appellant and the State agree that the record contains no filed information, that the trial court lacked jurisdiction and the conviction is void, and that the judgment should be reversed. The only issue in this case is one of proper remedy, i.e., whether to reverse and order acquittal or reverse and remand the cause.

Appellant urges that because the offense in the filed complaint was alleged to have been committed in January of 1984, any information now presented would be barred by the two year statute of limitations pursuant to TEX.CODE CRIM.PROC.ANN. art. 12.02 (Vernon 1977). The State argues that limitations has been tolled by TEX. CODE CRIM.PROC.ANN. art. 12.05 (Vernon 1977) which provides that certain periods of time are to be excluded from computation:

(a) The time during which the accused is absent from the State shall not be computed in the period of limitation.

(b) The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.

(c) The term "during the pendency," as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason.

TEX.CODE CRIM.PROC.ANN. art. 12.05 (Vernon 1977).

Under Article 21.25 of the Texas Code of Criminal Procedure, the State had a clear procedure to suggest to the trial court that a valid information was filed within the limitation period but subsequently lost prior to Appellant's plea. The record's silence and the State's inaction raise the presumption that no valid information ever existed or the State would have followed the clear statutory procedure.

We hold that a filed misdemeanor complaint without a filed information does not trigger art. 12.05(b), TEX.CODE CRIM. PROC.ANN. (Vernon 1977).

The judgment of conviction is reversed and the cause is remanded with instructions that the trial court take no further action unless and until a proper information is filed by the State.