The STATE of Texas, Appellant,

v.

Rena D. EDWARDS, Appellee.

No. 12-90-00079-CR.

Court of Appeals of Texas, Tyler.

April 22, 1991.

Michael Sandlin, Dist. Atty.'s Office, Tyler, for appellant.

John E. Trube, Tyler, for appellee.

BILL BASS, Justice.

This is an appeal of an order granting appellee's motion to quash the complaint and information because limitations had run before their filing. We affirm.

On December 14, 1989, the State filed a complaint and information charging Edwards with misdemeanor theft by check. The offense was alleged to have occurred on September 4, 1985, more than four years before the presentment of the complaint and information. The limitation period for misdemeanors is two years. TEX. CODE CRIM.PROC.ANN. art. 12.02 (Vernon 1977). The information contains no averment alleging the tolling of the statute.

On June 20, 1986, almost nine months after the alleged commission of the offense, Tricia Elwood signed an affidavit charging Edwards with theft by check. The affidavit was sworn to before Debbie Brannon, a notary public. Three days later, the judge of the County Court at Law signed a warrant for Edward's arrest reciting that "the said suspect is accused by the written affidavit, under oath, of Debbie Brannon filed before me anterior to the issuance of this indictment."

■ The State contends that the filing of the Elwood affidavit served to toll the running of the statute under art. 12.05,[1] which, in pertinent part, states as follows:

(b) The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.

(c) The term "during the pendency," as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason.

Appellant insists that the affidavit signed by Elwood and upon which the arrest warrant issued, meets all the requirements of a complaint set out in art. 15.05. However, the affidavit required by art. 15.-05 to support a warrant of arrest is not to be confused with the affidavit required by art. 21.22 to support an information. *Jernigan v. State*, 661 S.W.2d 936 (Tex.Cr. App.1983), *cert. denied*, 464 U.S. 986, 104 S.Ct. 436, 78 L.Ed.2d 368. Although both are called complaints, they are derived from separate provisions of previous codes and have separate purposes. As *Jernigan* explains, an arrest warrant may be procurable upon evidence insufficient or incompetent to support an information necessary to bring the accused to trial. *Id.* Therefore, the State's reliance on art. 12.05(b) is misplaced. The provision serves only to stay the running of the limitation period during the pendency of the type of accusatory pleading appropriate to invoke the jurisdiction of a court of competent jurisdiction. A court of competent jurisdiction is one that has jurisdiction of the offense. *Hultin v. State*, 171 TEX.CR.R. 425, 351 S.W.2d 248, 255 (1961).

An indictment is the accusatory pleading that gives the district court jurisdiction in a felony case. Class C misdemeanors may be prosecuted in justice court upon a complaint alone. However, the prosecution of a misdemeanor in county court must be instituted by the filing of both a complaint and information. A conviction obtained upon a complaint without an information is void. *Diez v. State*, 157 TEX.CR.R. 275, 248 S.W.2d 486 (1952). Edwards was charged with a class B misdemeanor. Both a complaint and information are necessary to confer jurisdiction on the County Court to try the case. Therefore, a filed misdemeanor complaint without a filed misdemeanor information does not suffice to toll the running of limitations under art. 12.-05(b). The identical argument urged by the State in this case was rejected in *Marbach v. State*, 773 S.W.2d 411, 412 (Tex. App.—San Antonio 1989, no pet.); *see also Ex parte Ward*, 560 S.W.2d 660 (Tex.Cr. App.1978).

---

1. All statutory references are to the TEXAS CODE OF CRIMINAL PROCEDURE ANN. unless otherwise indicated.

The information in this case is also fundamentally defective, in that the information shows on its face that the limitation period had elapsed before its presentment, and it fails to plead facts tolling the statute. *Dickerson v. State*, 571 S.W.2d 942, 943 (Tex.Cr.App.1978); art. 27.08(2). A fundamentally defective information is void, does not effectively invoke the court's jurisdiction over the defendant, and will not support a conviction. Failure to bring a motion to quash on this ground does not constitute a waiver of a fundamental defect. *American Plant Food Corp. v. State*, 508 S.W.2d 598, 603 (Tex. Cr.App.1974).

The trial judge did not err in granting appellee's motion to quash the complaint and information, and in ordering the prosecution of the appellee dismissed.

The trial court's order is affirmed.

