**Craig BONNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–91–0287–CR.**

Court of Appeals of Texas,
Amarillo.

May 28, 1992.

Opinion on Motion for Rehearing
June 30, 1992.

Discretionary Review Refused
Sept. 30, 1992.

Warren L. Clark, Amarillo, for appellant.

Danny Hill, Dist. Atty., Bruce P. Sadler, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

This case presents the question which is of first impression in this state, whether prosecution is barred for felony delivery of a controlled substance when the complaint was filed within the limitation period but an indictment was not returned until that period had expired. For reasons hereinafter expressed, we hold prosecution is not barred and affirm the judgment of the trial court.

On September 17, 1986, a complaint was filed in the trial court charging appellant with felony delivery of a controlled substance. It alleged the offense was committed on or about August 3, 1986. On August 1, 1991, the Potter County Grand Jury returned an indictment charging appellant with the above offense. Since Texas Code of Criminal Procedure art. 12.01(5)[1] provides the period of limitations for the charged offense is three years from the date of the offense, the indictment was returned almost two years beyond that period.

In an effort to show the running of the statute was tolled by the provision of art. 12.05, the indictment contained the following:

And the GRAND JURORS aforesaid do further present that on or about the 17th day of September, 1986 a felony complaint charging the said CRAIG BONNER with the offense hereinbefore charged in this indictment was duly filed in the 181st District Court in and for Potter County, Texas and said felony complaint was pending in said 181st District Court in and for Potter County, Texas at the time of the return of this indictment.

On August 15, 1991, appellant filed a motion to quash and set aside the indictment on the ground it was defective because it alleged an offense which was barred by the statute of limitations. That motion was denied on November 18, 1991. Thereafter, appellant entered a non-negotiated plea of guilty, was granted deferred adjudication and placed on probation for a period of ten years. Parenthetically, appellant falls within the expressed perimeters of *Dillehey v. State*, 815 S.W.2d 623 (Tex. Crim.App.1991), and is entitled to pursue this appeal.

In one point, appellant asserts the trial court reversibly erred in failing to sustain his motion to quash and set aside the indictment as it does not allege facts sufficient to toll the statute of limitations. While appellant acknowledges it is established that the filing of an indictment or of an information is a sufficient commencement of a prosecution to prevent the running of a statute of limitations, he contends the mere filing of a complaint is not sufficient to accomplish that result. In making that contention, he places primary reliance upon the decision in *State v. Edwards*, 808 S.W.2d 662 (Tex.App.—Tyler 1991, no pet.).

In the *Edwards* case, the State filed a complaint and information on December 14, 1989, charging the defendant with the misdemeanor offense of theft by check alleged to have occurred on September 4, 1985.

1. Later references to article numbers are to those articles of the Texas Code of Criminal

Procedure, unless otherwise specifically designated.

The limitation period for such misdemeanor offense is two years. The State contended that the limitation period had been tolled under art. 12.05 because a complaint meeting the requirements of art. 15.05 had been filed within nine months of the commission of the offense and an arrest warrant issued. In holding that the statute had not been tolled, the *Edwards* court noted the requirements of art. 15.05 were different from those required under art. 21.22 to support a misdemeanor information. Under art. 21.22, it held, both a complaint and information were required to confer jurisdiction upon the county court to try a misdemeanor case. En route to its holding, the court noted that art. 12.05 "serves only to stay the running of the limitation period during the pendency of the type of accusatory pleading appropriate to invoke the jurisdiction of a court of competent jurisdiction. A court of competent jurisdiction is one that has jurisdiction of the offense." *State v. Edwards*, 808 S.W.2d at 663; *see also Marbach v. State*, 773 S.W.2d 411 (Tex.App.—San Antonio 1989, no pet.).

Appellant posits that an indictment is the only accusatory pleading appropriate to invoke the jurisdiction of a district court, and, applying the logic of the *Edwards* case, concludes that the mere filing of a complaint in the absence of the presentment of an indictment is not sufficient to toll the applicable statute of limitations. We disagree.

In *Vasquez v. State*, 557 S.W.2d 779 (Tex.Crim.App.1977), the Court observed that at common law there was no limitation as to the time in which offenses may be prosecuted. It compared the passage of statutes of limitation as "acts of grace" by the sovereign, and suggested that they be considered as equivalent to acts of amnesty. It also observed that such statutes are measures of public policy entirely subject to the will of the Legislature. *Id.* at 781; at 781 n. 2.

Subsections (b) and (c) of art. 12.05, the relevant limitation statute, provide as follows:

(b) The time during the pendency of the indictment, information, or *complaint*

shall not be computed in the period of limitation.

(c) The term 'during the pendency,' as used herein, means that period of time beginning with the day the indictment, information, or *complaint* is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason. (emphasis added)

In *Ex parte Ward*, 560 S.W.2d 660 (Tex.Crim.App.1978), the Court was confronted with the question whether a complaint filed in a justice court would toll the running of the statute of limitations in a felony case. With the comment that "[W]hile a justice court had authority to take a complaint and issue a warrant of arrest, we find that such court [the justice court] did not have jurisdiction of the felony offense charged herein so as to come within the ambit of Art. 12.05," the court held the statute of limitations was not tolled and prosecution in the case was barred. *Id.* at 662.

En route to its decision, the *Ward* Court cited the holding in the seminal case of *Hultin v. State*, 171 Tex.Crim. 425, 351 S.W.2d 248, 255 (1961), that jurisdiction "includes the three essentials necessary to the jurisdiction of a court; the court must have authority over the person and the subject matter, and it must have power to enter the particular judgment rendered."

A careful reading of the *Ward* case demonstrates the emphasis placed by the Court upon the salient fact that the complaint was filed in the justice court which, of course, does not have jurisdiction of felony cases in this state. Implicit in that emphasis, and rather lengthy discussion of jurisdiction, is the conclusion if the complaint had been filed in a court of competent jurisdiction, *i.e.*, the district court, the holding would have been different.

That conclusion is reinforced by the language of art. 12.05(b), in particular, that portion which reads that "[T]he time during the pendency of an indictment, information, *or* complaint" (emphasis added), shall not be computed in the period of limitation. The use of the disjunctive "or" preceding

the reference to a complaint is indicative of the legislative instruction that the filing of such an instrument in a proper court would toll the statute. Since the creation of periods of limitation is a matter of legislative prerogative, the decision of that body is binding upon us.

Even though the long delay between the filing of the complaint and the return of the indictment is not explained in this record, nevertheless, we must follow the mandate of the statute and hold that the filing of the instant complaint, in the district court, the court of competent jurisdiction to try the charge, was sufficient to invoke the jurisdiction of that court and to toll the limitation period. The *Edwards* and *Marbach* cases are distinguishable in that they dealt with the different requisites in a misdemeanor case not applicable here.

Accordingly, appellant's point of error is overruled and the judgment of the trial court affirmed.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

## ON MOTION FOR REHEARING

BOYD, Justice.

In his motion for rehearing, appellant's able counsel argues that in our original opinion, we misconstrued Article 12.05 of the Texas Code of Criminal Procedure. He posits that we used the bulk of our opinion in a discussion of what constitutes a "court of competent jurisdiction" without fully considering the purpose of the statute and whether the State established it could avail itself of the saving provision of the statute.

Appellant suggests the determinative question is "how does the State engage the Court's authority to enter a particular judgment?" His answer is that, in order to do so, the State must have filed the appropriate instrument in the proper court of competent jurisdiction within the appropriate limitations period. He emphasizes the third essential of jurisdiction pointed out by the Court in *Hultin v. State*, 171 Tex.Crim. 425, 351 S.W.2d 248, 255 (1961), *i.e.*, the power to enter the particular judgment. *Id.* 351 S.W.2d at 255. He then posits the

felony complaint was insufficient to invoke the jurisdiction of the district court in that it did not have the power, under the complaint alone, to enter a particular judgment, and therefore, the State is not entitled to the benefit of the tolling statute.

Discussion of appellant's contention requires us to note the Court's decision in *Ex parte Clear*, 573 S.W.2d 224 (Tex.Crim. App.1978). In that case, the Court was concerned with the question whether a district judge illegally assumed jurisdiction as a magistrate of a felony complaint originally filed in the justice court, and unlawfully raised the bail originally set by the justice of the peace. In reaching its decision, the Court was concerned with the construction of art. 4.16 which then, as now, provided that when two or more courts had concurrent jurisdiction of any criminal offense in which an indictment or complaint was first filed, retained jurisdiction except in certain instances not relevant here. The Court held that once such a complaint was filed in the justice court, that court retained sole jurisdiction over the complaint to the exclusion of all other courts, until the complaint was either dismissed by the court, superseded by action of the grand jury or indictment waived under art. 1.141. *Id.* at 229.

As we noted in our original opinion, in *Ex parte Ward*, 560 S.W.2d 660, 662 (Tex. Crim.App.1978), the Court held that the filing of a felony complaint in the justice court did not toll the running of the statute of limitations. Thus, it might be argued that the jurisdictional holding in the *Clear* case would make that holding applicable here. However, we do not believe so. The question considered, and the statute construed, in the *Clear* case are different from those involved in this one. While the Court in the latter case did hold that a justice of the peace had a certain limited jurisdiction in a felony case, it did not consider or discuss whether such a court was a "court of competent jurisdiction" within the purview of art. 12.05.

In contrast, the *Ward* Court was concerned with, and gave dispositive effect to, the meaning of that phrase. En route to its decision, that Court engaged in a consid-

erable discussion of the constitutional and statutory provisions defining the jurisdiction of the district court to try and decide the issues of law and fact in a felony case.

It was in that context that the Court held that while a justice court had authority to take a felony complaint and issue a warrant of arrest, it was not, within the purview of art. 12.05, a "court of competent jurisdiction" so that the filing of such a complaint would toll the statute of limitations. *Id.* If the court had felt the mere ·filing of a complaint was not sufficient to invoke the tolling provision of art. 12.05 in either court, the extensive discussion of the differing jurisdictions of the two courts would have been unnecessary. In this case, of course, it is uncontroverted that the complaint was filed in the district court.

In *Barrera v. State*, 289 S.W.2d 285 (Tex.Crim.App.1956), the Court considered a statute (Tex.Penal Code Ann. § 1424), since repealed, which provided a mitigated penalty if a stolen item was returned "before any prosecution is commenced." In construing that phrase, the Court held that a "prosecution is commenced by the filing of a complaint or the return of an indictment." *Id.* at 288. *See also Ex parte Clear*, 573 S.W.2d at 228; and *Garlington v. State*, 141 Tex.Crim. 595, 150 S.W.2d 253 (1941).

The holding in the *Barrera* case, and others of like ilk, are instructive in considering appellant's contention concerning the commencement of prosecution. This is particularly true when considered with the clear language of art. 12.05(b) stating "[T]he time during the pendency of an indictment, information, *or* complaint shall not be computed in the period of limitation," together with the instruction of art. 12.05(c) that "[T]he term 'during the pendency,' as used herein, means that period of time beginning with the day the indictment, information *or* complaint is filed in a court of competent jurisdiction ..." (emphasis added). Under that language, and in the context of this case, we cannot conclude that the statute would only be applicable in this felony case if an indictment had been filed.

For the reasons stated in our original opinion, we remain convinced the district court is the court of competent jurisdiction to try felony prosecutions. Since the complaint was filed in that court, we can only conclude the statute of limitations was tolled. Since we are obligated to apply the statute as written, the wisdom of its provision is not a matter for decision by this intermediate court. Appellant's motion for rehearing is overruled.