PD-1238-15

PD-1238-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/21/2015 4:18:01 PM
Accepted 9/22/2015 2:16:41 PM
ABEL ACOSTA
CLERK

# No.

In the
## Court of Criminal Appeals of Texas
At Austin

————————◆————————

**No. 01-14-00962-CR**
In the Court of Appeals for the
First District of Texas
At Houston

————————◆————————

# THE STATE OF TEXAS
*Appellant*
V.
# JIMMY EARL DRUMMOND
*Appellee*

————————◆————————

## STATE'S PETITION FOR DISCRETIONARY REVIEW

————————◆————————

FILED IN
COURT OF CRIMINAL APPEALS

September 22, 2015

ABEL ACOSTA, CLERK

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ALAN CURRY**
State Bar Number 05263700
Assistant District Attorney
Harris County, Texas

**JULIAN RAMIREZ**
Assistant District Attorney
Harris County, Texas

**LISA MCMINN**
State Prosecuting Attorney

1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
FAX No.: 713/755-5809
curry_alan@dao.hctx.net

*Counsel for Appellant*

## IDENTIFICATION OF THE PARTIES

A complete list of the names of all interested parties is provided below so that the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

Complainant, victim, or aggrieved party:

**David Scherz, Jr.**

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Lisa McMinn** — State Prosecuting Attorney on appeal

**Alan Curry** — Assistant District Attorney on appeal

**Julian Ramirez** — Assistant District Attorney at trial

1201 Franklin, Suite 600
Houston, Texas 77002

Appellee or criminal defendant:

**Jimmy Earl Drummond**

Counsel for Appellee:

**Samuel Cammack** — Counsel at trial and on appeal

1001 West Loop South, Suite 700
Houston, Texas 77027-9033

i

Trial Judge:

**Hon. Denise Collins** — Presiding Judge

# TABLE OF CONTENTS

IDENTIFICATION OF THE PARTIES ..........................................................................i

INDEX OF AUTHORITIES................................................................................ iv

STATEMENT OF THE CASE ............................................................................ 2

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE...................... 2

STATE'S GROUND FOR REVIEW ................................................................... 3

> The court of appeals erred in holding that the running of the statute of limitations was not tolled by the filing of the initial complaint against the appellee when the clear language of the controlling statute states that the filing of a complaint tolls the running of the statute of limitations (C.R. 73; R.R. II-49).

PRAYER FOR RELIEF................................................................................ 14

CERTIFICATE OF COMPLIANCE .............................................................. 15

CERTIFICATE OF SERVICE ...................................................................... 16

# INDEX OF AUTHORITIES

**CASES**

*Arabzadegan v. State,*
240 S.W.3d 44 (Tex. App.—
Austin 2007, pet. ref'd) ................................................................................. 9

*Barnhill v. State,*
657 S.W.2d 131 (Tex. Crim. App. 1983) ...................................................... 9

*Dickerson v. State,*
571 S.W.2d 942 (Tex. Crim. App. 1978) ...................................................... 7

*Emerson v. State,*
727 S.W.2d 267 (Tex. Crim. App. 1987) ...................................................... 3

*Ex parte Clear,*
573 S.W.2d 224 (Tex. Crim. App. 1978) ...................................................... 7

*Ex parte Dobbs,*
978 S.W.2d 959 (Tex. Crim. App. 1998) ...................................................... 7

*Ex parte Ward,*
560 S.W.2d 660 (Tex. Crim. App. 1978) ................................................... 7, 8

*Forte v. State,*
707 S.W.2d 89 (Tex. Crim. App. 1986) ........................................................ 9

*Gallagher v. State,*
690 S.W.2d 587 (Tex. Crim. App. 1985) ...................................................... 3

*Gentry v. State,*
259 S.W.3d 272 (Tex. App.—
Waco 2008, pet. ref'd) ................................................................................. 9

*Green v. State,*
872 S.W.2d 717 (Tex. Crim. App. 1994) ...................................................... 9

*Marbach v. State,*
   773 S.W.2d 411 (Tex. App.—
   San Antonio 1989, no pet.) ............................................................................... 7

*Miffleton v. State,*
   777 S.W.2d 76 (Tex. Crim. App. 1989) ........................................................ 9

*Skero v. State,*
   866 S.W.2d 336 (Tex. App.—
   Houston [14th Dist.] 1993, pet. ref'd) .......................................................... 4

*State v. Edwards,*
   808 S.W.2d 662 (Tex. App.—
   Tyler 1991, no pet.) .......................................................................................... 6

*State v. Hall,*
   794 S.W.2d 916 (Tex. App.—
   Houston [1st Dist.] 1990), *aff'd,*
   829 S.W.2d 184 (Tex. Crim. App. 1992) ..................................................... 3

*State v. Morris,*
   228 S.W.3d 246 (Tex. App.—
   Austin 2007, no pet.).......................................................................................... 9

**STATUTES**

Tex. Code Crim. Proc. Ann. art. 12.05 (West 2015) ..............................................passim

Tex. Code Crim. Proc. Ann. art. 15.05 (West 2015) ................................................. 6

Tex. Code Crim. Proc. Ann. art. 21.22 (West 2015) ................................................. 6

Tex. Code Crim. Proc. Ann. art. 4.05 (West 2015) .................................................3, 10

Tex. Code Crim. Proc. Ann. arts. 12.02, 12.04 (West 2015) ......................................... 4

Tex. Gov't Code Ann. § 24.007 (West 2015) ................................................................ 10

Tex. Gov't Code Ann. § 24.387 (West 2015) ................................................................ 10

TEX. GOV'T CODE ANN. § 54.856 (West 2015).................................................. 11

**RULES**

TEX. R. APP. P. 66.3(a) ................................................................................. 3

TEX. R. APP. P. 66.3(d)................................................................................. 3

**CONSTITUTIONAL PROVISIONS**

TEX. CONST. art. V, § 12(b)......................................................................... 9

TEX. CONST. art. V, § 8............................................................................ 3, 10

## STATEMENT REGARDING ORAL ARGUMENT

In the event the State's petition for discretionary review is granted by this Honorable Court, the State requests oral argument herein for the following reason:

The decision by the court of appeals reduces the significance of the filing of a complaint in Texas criminal law as one of the charging instruments that begins the initiation of adversarial judicial proceedings. This Court should resolve the conflict in Texas law that this decision has created. Oral argument will assist in identifying the ramifications of this conflict.

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

## STATEMENT OF THE CASE

In cause number 1446229, the appellee was charged with the misdemeanor offense of official oppression (C.R. 5). The appellee filed a motion to quash the indictment and dismiss the prosecution, claiming that the offense was barred by limitations (C.R. 70-71). On November 10, 2014, the trial court granted the appellee's motion to quash the indictment and dismiss the prosecution (C.R. 73; R.R. II-49). On November 18, 2014, the State timely filed a written notice of appeal (C.R. 83).

————————◆————————

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

In a published opinion, delivered August 20, 2015, the First Court of Appeals affirmed the judgment of the trial court. The State now timely files its petition for discretionary review in accordance with TEX. R. APP. P. 68.2(a).

————————◆————————

**The court of appeals erred in holding that the running of the statute of limitations was not tolled by the filing of the initial complaint against the appellee when the clear language of the controlling statute states that the filing of a complaint tolls the running of the statute of limitations (C.R. 73; R.R. II-49).**

## REASONS FOR REVIEW

This holding by the court of appeals should be reviewed pursuant to TEX. R. APP. P. 66.3(a) because the decision of the court of appeals conflicts with the decision of the *Bonner v. State,* 832 S.W.2d 134 (Tex. App.—Amarillo 1992, pet. ref'd). This holding should also be reviewed pursuant to TEX. R. APP. P. 66.3(d) because court of appeals has misconstrued TEX. CODE CRIM. PROC. ANN. art. 12.05 (West 2015).

On September 9, 2013, the appellee, then a Sergeant with the Harris County Constable's Office, was charged by complaint with the offense of official oppression based upon events that occurred on September 10, 2011 (C.R. 6-7; R.R. III-State's Exhibit # 1). This complaint was presented to a magistrate, who found probable cause for the criminal charge and for the appellee's arrest, and the case was filed in the 208th District Court (C.R. 6-7; R.R. III-State's Exhibit # 1).[1] The statute of

---

[1] The offense of official oppression is a misdemeanor involving official misconduct, over which a district court has exclusive jurisdiction. *Emerson v. State,* 727 S.W.2d 267, 268-69 (Tex. Crim. App. 1987) (citing *Gallagher v. State,* 690 S.W.2d 587 (Tex. Crim. App. 1985); TEX. CONST. art. V, § 8; TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2015). *Cf. State v. Hall,* 794 S.W.2d 916 (Tex. App.—Houston [1st Dist.] 1990), *aff'd,* 829 S.W.2d 184 (Tex. Crim. App. 1992) (holding that statute of limitations was not tolled because charge filed in district court was not misdemeanor involving official

limitations for the offense of official oppression occurring on September 10, 2011 expired on September 12, 2013. *See* TEX. CODE CRIM. PROC. ANN. arts. 12.02, 12.04 (West 2015).

On October 24, 2014, a grand jury returned an indictment against the appellee for the offense of official oppression based upon events that occurred on September 10, 2011, and the indictment included the following tolling language, "It is further alleged that the Defendant was previously charged by a complaint and information and indictment with this offense from September 9, 2013 through October 24, 2014, during which period the statute of limitations for this offense was tolled" (C.R. 5; R.R. III-State's Exhibit # 3).[2] This indictment was filed in the 208th District Court (C.R. 5; R.R. III-State's Exhibit # 3).

The State contends that the complaint filed on September 9, 2013 was sufficient to toll the statute of limitations, and that the trial court erred in granting the appellee's motion to quash, in which he claimed that the statute of limitations had expired, and that the court of appeals erred in upholding the trial court's ruling in that regard. The decision of the court of appeals was contrary to the controlling statute, which provides:

---

misconduct and that, therefore, charge had not been filed in court of competent jurisdiction).

[2] If a charging instrument does not contain tolling language, as was the case with the first indictment filed in this case, the indictment can be amended or re-filed to include the appropriate tolling language. *See Skero v. State,* 866 S.W.2d 336, 338 (Tex. App.— Houston [14th Dist.] 1993, pet. ref'd).

4

> (b) The time during the pendency of an indictment, information, **or complaint** shall not be computed in the period of limitation.
>
> (c) The term "during the pendency," as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason.

TEX. CODE CRIM. PROC. ANN. art. 12.05 (West 2015) (emphasis added). The State contends that the filing of the complaint in this case was sufficient to toll the statute of limitations for the misdemeanor involving official misconduct.

In *Bonner v. State,* the Amarillo Court of Appeals was confronted with essentially the same question that confronts this Court in this case. In *Bonner,* on September 17, 1986, a complaint was filed in the trial court charging the defendant with felony delivery of a controlled substance. The complaint alleged that the offense was committed on or about August 3, 1986. On August 1, 1991, well after the statute of limitations for the felony offense had run, a grand jury returned an indictment charging the defendant with the offense. As in this case, the indictment filed in *Bonner* contained a tolling paragraph, alleging that the felony complaint had been filed against the defendant charging him with the offense. *Bonner v. State,* 832 S.W.2d 134, 135 (Tex. App.—Amarillo 1992, pet. ref'd).

In *Bonner,* as in this case, while the defendant acknowledged that the filing of an indictment or information was a sufficient commencement of a prosecution to prevent the running of a statute of limitations, he contended that the mere filing of a

complaint was not sufficient to accomplish that result. In making that contention, as in this case, the defendant in *Bonner* relied upon the decision in *State v. Edwards,* 808 S.W.2d 662 (Tex. App.—Tyler 1991, no pet.). *See Bonner,* 832 S.W.2d at 135.

In *Edwards*, the State had filed a complaint and information on December 14, 1989, charging the defendant with the misdemeanor offense of theft by check alleged to have occurred on September 4, 1985. But the State claimed that the two-year limitation period had been tolled under Article 12.05 because a complaint meeting the requirements of Tex. Code Crim. Proc. Ann. art. 15.05 (West 2015) had been filed within nine months of the commission of the offense and an arrest warrant had issued. In holding that the statute had not been tolled, the *Edwards* court noted that the requirements of Article 15.05 were different from those required under Tex. Code Crim. Proc. Ann. art. 21.22 (West 2015) to support a misdemeanor information. *Bonner,* 832 S.W.2d at 135-36 (citing *State v. Edwards,* 808 S.W.2d 662 (Tex. App.—Tyler 1991, no pet.)).

The *Edwards* court held that, under Article 21.22, **both** a complaint and information were required to confer jurisdiction upon the county court to try a misdemeanor case. En route to its holding, the court noted that Article 12.05 "serves only to stay the running of the limitation period during the pendency of the type of accusatory pleading appropriate to invoke the jurisdiction of a court of competent jurisdiction. A court of competent jurisdiction is one that has jurisdiction of the offense." *Bonner,* 832 S.W.2d at 136 (citing *State v. Edwards,* 808 S.W.2d 662, 663 (Tex.

6

App.—Tyler 1991, no pet.); *Marbach v. State,* 773 S.W.2d 411 (Tex. App.—San Antonio 1989, no pet.)). In *Bonner,* as in this case, the defendant claimed that an indictment was the only accusatory pleading appropriate to invoke the jurisdiction of a district court, and, applying the logic of the *Edwards* case, concluded that the mere filing of a complaint in the absence of the presentment of an indictment was not sufficient to toll the applicable statute of limitations. The court of appeals disagreed. *Bonner,* 832 S.W.2d at 136.

In *Bonner,* the court of appeals noted that, in *Ex parte Ward,* 560 S.W.2d 660 (Tex. Crim. App. 1978), this Court had been confronted with the question of whether a complaint filed in a justice court would toll the running of the statute of limitations in a felony case. In *Ex parte Ward,* this Court had held that, while a justice court had authority to take a complaint and issue a warrant of arrest, a justice court did not have jurisdiction of the felony offense charged so as to come within the ambit of Article 12.05. The court held that the statute of limitations was not tolled and that prosecution in the case was barred. *Bonner,* 832 S.W.2d at 136 (citing *Ex parte Ward,* 560 S.W.2d 660, 662 (Tex. Crim. App. 1978)). *See also Dickerson v. State,* 571 S.W.2d 942, 943 (Tex. Crim. App. 1978) (filing of complaint in justice court does not toll running of the period of limitations in felony case).[3]

---

[3] *Cf. Ex parte Dobbs,* 978 S.W.2d 959 (Tex. Crim. App. 1998) (municipal court, sitting as a magistrate, had sole jurisdiction over complaints charging defendant with offenses of aggravated sexual assault of a child and indecency with a child); *Ex parte Clear,* 573 S.W.2d 224, 225-26 (Tex. Crim. App. 1978) (justice court had sole

However, this Court's holding in *Ex parte Ward* did not control the holding of the court of appeals in *Bonner v. State*:

> A careful reading of the *Ward* case demonstrates the emphasis placed by the Court upon the salient fact that the complaint was filed in the justice court which, of course, does not have jurisdiction of felony cases in this state. Implicit in that emphasis, and rather lengthy discussion of jurisdiction, is the conclusion if the complaint had been filed in a court of competent jurisdiction, *i.e.,* the district court, the holding would have been different.

*Bonner,* 832 S.W.2d at 136 (citing *Ex parte Ward,* 560 S.W.2d 660, 662 (Tex. Crim. App. 1978)). The State agrees and contends that the filing of a complaint, charging a defendant with a felony or with a misdemeanor involving official misconduct, would be sufficient to toll the statute of limitations if the complaint had been filed in a "court of competent jurisdiction." The holding in *Ex parte Ward* clearly turned upon the fact that the charging instrument had been filed in a justice court, and not upon the fact that the charging instrument was a complaint.

The conclusion by the court in *Bonner* was reinforced by the language of Article 12.05(b), in particular, that portion which reads that "the time during the pendency of an indictment, information, *or* complaint" (emphasis added), shall not be computed in the period of limitation." The use of the disjunctive "or" preceding the reference to a complaint is indicative of the legislative instruction that the filing of such an instrument in a proper court would toll the statute. *Bonner,* 832 S.W.2d at 136-37.

---

jurisdiction over complaint, charging defendant with felony offense of assault of a public servant).

8

The filing of a complaint in district court was sufficient to toll the statute of limitations for the felony offense in *Bonner,* and the filing of the complaint in this case was sufficient to toll the statute of limitations for the misdemeanor involving official misconduct alleged to have been committed by the appellee.  In this case, the court of appeals disagreed with the holding and the reasoning of the court of appeals in *Bonner,* which had been previously reviewed by this Court.  The holdings in the two published decisions now stand in direct contradiction with one another, and this Court should resolve that conflict.

In Texas, the filing of a complaint often initiates a prosecution in felony cases and in misdemeanor cases involving official misconduct.  This Court has repeatedly held that, as is the case with the filing of an indictment or information, the filing of a felony complaint triggers the commencement of adversary judicial proceedings against a defendant.  *Green v. State,* 872 S.W.2d 717, 720 (Tex. Crim. App. 1994) (citing *Barnhill v. State,* 657 S.W.2d 131, 132 (Tex. Crim. App. 1983); *Miffleton v. State,* 777 S.W.2d 76, 78 (Tex. Crim. App. 1989); *Forte v. State,* 707 S.W.2d 89, 92 (Tex. Crim. App. 1986)).  *See also Gentry v. State,* 259 S.W.3d 272, 277 (Tex. App.—Waco 2008, pet. ref'd); *Arabzadegan v. State,* 240 S.W.3d 44, 48 (Tex. App.—Austin 2007, pet. ref'd); *State v. Morris,* 228 S.W.3d 246, 249 (Tex. App.—Austin 2007, no pet.).

The jurisdiction of district courts includes the filing of felony complainants and complaints charging misdemeanors involving official misconduct.  It is true that TEX. CONST. art. V, § 12(b) provides, in part, "The presentment of an indictment or

9

information to a court invests the court with jurisdiction of the cause." But that provision is not the primary provision that gives jurisdiction to a district court, and that provision does not state that a district court should thereby ignore a felony complaint or a complaint charging a defendant with a misdemeanor involving official misconduct. District courts in fact gain their jurisdiction from TEX. CONST. art. V, § 8, which provides,

> District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of **all actions, proceedings, and remedies**, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.

(emphasis added). *See also* TEX. GOV'T CODE ANN. § 24.007 (West 2015); TEX. GOV'T CODE ANN. § 24.387 (West 2015) (specifically referencing 208th District Court). Furthermore, TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2015) provides, "District courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony, **of all misdemeanors involving official misconduct**, and of misdemeanor cases transferred to the district court under Article 4.17 of this code." (emphasis added). A district court, like the 208th District Court, certainly has jurisdiction over felony complaints and complaints that charge a defendant with a misdemeanor involving official misconduct. Such a district court would be a "court of competent jurisdiction" for such a complaint. The decision of the court of appeals

10

does not mention any of these statutes affording a district court in Texas with jurisdiction over a case.

The complaint in this case was clearly filed in the papers of the 208th District Court (C.R. 6). It is true that the complaint was initially presented to a magistrate or hearing officer, who found probable cause that an offense had been committed and that the appellee was to be arrested based upon those charges. But the complaint was clearly returnable to the 208th District Court, and it initiated the filing of several documents in the 208th District Court before an indictment was ever filed.

In Harris County criminal courts, magistrates or "criminal law hearing officers," work for the 22 judges of the district courts trying criminal cases and the 15 judges of the county criminal courts at law. Those magistrates or "criminal law hearing officers" are provided for in Chapter 54, Subchapter L of the Texas Government Code. TEX. GOV'T CODE ANN. § 54.856 (West 2015) provides:

> (a) A criminal law hearing officer appointed under this subchapter has limited concurrent jurisdiction over criminal cases filed in the district courts and county criminal courts at law of the county and concurrent jurisdiction over criminal cases filed in the justice courts of the county. In criminal cases filed in the district courts and county criminal courts at law, the jurisdiction of the criminal law hearing officer is limited to:
>
> (1) determining probable cause for further detention of any person detained on a criminal complaint, information, or indictment filed in the district courts or county criminal courts at law;
>
> (2) committing the defendant to jail, discharging the defendant from custody, or admitting the defendant to bail, as the law and facts of the case require;

11

(3) issuing search warrants and arrest warrants as provided by law for magistrates; and

(4) enforcing judgments and orders of the county criminal courts at law in criminal cases.

**(b) This section does not limit or impair the jurisdiction of the court in which the complaint, information, or indictment is filed to review or alter the decision of the criminal law hearing officer.**

(c) In a felony or misdemeanor case punishable by incarceration in the county jail, a criminal law hearing officer may not dismiss the case, enter a judgment of acquittal or guilt, or pronounce sentence.

(emphasis added). This statute, as is the case with Article 12.05, clearly contemplates that a complaint is filed with an actual court. And this statute does not impair the jurisdiction of the court and did not impair the jurisdiction of the 208th District Court in this case.

Pursuant to Article 12.05(b), a complaint filed in a district court should toll the statute of limitations if the complaint alleges a misdemeanor offense involving official misconduct, an offense over which a district court has jurisdiction. The 208th District Court was a court of competent jurisdiction for the complaint charging the appellee with having committed the offense of official oppression—a misdemeanor involving official misconduct. Consequently, the statute of limitations for the misdemeanor offense was properly tolled, and the trial court erred in granting the appellee's motion to quash the indictment. The court of appeals then erred in holding that the running of the statute of limitations was not tolled by the filing of the initial complaint against

12

the appellee when the clear language of the controlling statute states that the filing of a complaint tolls the running of the statute of limitations. The State's ground for review should be sustained.

————————————◆————————————

## PRAYER FOR RELIEF

WHEREFORE, the State prays that this Court will grant this petition for discretionary review, and that this Court will reverse the decision of the court of appeals.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ ***Alan Curry***

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 2,886 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

15

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been mailed to the following addresses:

Mr. Samuel R. Cammack, III
Attorney at Law
1001 West Loop South, Suite 700
Houston, Texas 77027-9033

Ms. Lisa McMinn
State's Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711

/s/ **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

Date: September 21, 2015

16

**APPENDIX**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00962-CR

————————————

**THE STATE OF TEXAS, Appellant**

**V.**

**JIMMY EARL DRUMMOND, Appellee**

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Case No. 1446229**

---

## O P I N I O N

Appellant, the State of Texas, challenges the criminal district court's order granting the motion of appellee, Jimmy Earl Drummond, to quash and dismiss an indictment accusing him of the Class A misdemeanor offense of official

oppression.[1]  In three issues, the State contends that the criminal district court erred in granting appellee's motion, holding that the pertinent statute of limitations[2] "was not tolled by the filing of [its] initial complaint" against appellee, and holding that its initial complaint "was not filed in a court of competent jurisdiction."

We affirm.

### Background

On September 9, 2013, the State presented to a Harris County magistrate a "COMPLAINT," accusing appellee, then a sergeant with the Harris County Constable's Office ("HCCO"), Precinct 4, of committing the Class A misdemeanor offense of official oppression on or about September 10, 2011.  The complaint contains a probable cause affidavit, which was sworn to by a peace officer employed by the Harris County District Attorney's Office and subscribed before an assistant district attorney.  The magistrate found probable cause for the arrest of appellee, and the State filed the complaint in cause number 1400758 in the criminal district court on September 9, 2013.

On December 18, 2013, a Harris County Grand Jury returned a true bill of indictment, specifically alleging that appellee,

> on or about September 10, 2011, . . . while a public servant acting
> under color of his office and employment, namely a Sergeant with the

---

[1]  *See* TEX. PENAL CODE ANN. § 39.03(a)(1) (Vernon Supp. 2014).  With exceptions not applicable here, an offense is a Class A misdemeanor.  *Id.* § 39.03(d).

[2]  *See* TEX. CODE CRIM. PROC. ANN. art. 12.02 (Vernon 2015).

2

[HCCO], intentionally subject[ed] . . . the Complainant[] to mistreatment that [appellee] knew was unlawful, to wit: by kicking the Complainant [and] . . . by dropping his knee forcefully on the Complainant's upper back and neck area while the Complainant was handcuffed and face-down on the ground [and] . . . by grabbing the Complainant's head and pulling it back while the Complainant was handcuffed and face-down on the ground.

Appellee challenged this indictment in his "Motion to Quash Indictment and Dismiss Prosecution," asserting that the indictment was improperly returned after the expiration of the two-year statute of limitations governing the offense.[3]

On October 24, 2014, before the criminal district court ruled on appellee's motion to quash and dismiss, another Harris County Grand Jury returned a second true bill of indictment in trial court cause number 1446229, the instant cause. This second indictment contains the above quoted language from the first indictment. And it "further allege[s]" that appellee "was previously charged by a complaint and information [sic] and indictment with this offense from September 9, 2013 through October 24, 2014, during which period the statute of limitations for this offense was tolled." Appellee challenged the October 24, 2014 indictment in a subsequent "Motion to Quash Indictment and Dismiss Prosecution," asserting that it was returned after the expiration of the two-year statute of limitations governing the offense.

---

[3] *See id.*

At a hearing on appellee's motions to quash and dismiss the indictments, the State conceded that appellee's motion to quash and dismiss the December 18, 2013 indictment was "meritorious" because it was returned outside of the two-year limitations period and "did not on its face contain [a] tolling paragraph." The trial court granted appellee's first motion and dismissed the December 18, 2013 indictment, noting that the State had "[a]greed as to [the] tolling paragraph."

In regard to appellee's motion to quash and dismiss the October 24, 2014 indictment in the instant cause, the State asserted that the complaint that it had initially filed in the criminal district court on September 9, 2013 tolled the two-year limitations period. Appellee, in contrast, asserted that in the prosecution of a Class A misdemeanor offense, a complaint, standing alone without the timely filing of an information or return of an indictment prior to the expiration of the two-year limitations period, does not toll the limitations period. The trial court granted appellee's motion and dismissed the October 24, 2014 indictment.

**Standard of Review**

We review a trial court's ruling on a motion to quash de novo. *Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010); *Tata v. State*, 446 S.W.3d 456, 462 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd); *see also State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004) ("When the resolution of a question of law does not turn on an evaluation of the credibility and demeanor of a witness,

4

then the trial court is not in a better position to make the determination, so appellate courts should conduct a de novo review of the issue."). We construe limitations provisions "strictly against the State and liberally in favor of the defendant." *Gallardo v. State*, 768 S.W.2d 875, 880 (Tex. App.—San Antonio 1989, pet. ref'd).

## Limitations

In its three issues, the State argues that the trial court erred in granting appellee's motion to quash and dismiss the October 24, 2014 indictment in the instant cause because its "initial complaint," filed in the criminal district court on September 9, 2013, tolled the two-year limitations period. *See* TEX. CODE CRIM. PROC. ANN. art. 12.05(b) (Vernon 2015).

Appellee argues that the trial court properly granted his motion to quash and dismiss the October 24, 2014 indictment "because both the original indictment and subsequent indictment were presented to the [criminal district] court after the limitations period had expired." He specifically argues that the trial court properly held that "the filing of the initial complaint did not toll the running of the statute of limitations because the mere filing of the complaint without the proper accusatory pleading, i.e., an information or indictment, does not toll the statute of limitations . . . for a Class A misdemeanor." *See* TEX. CODE CRIM. PROC. ANN. art. 12.02(a) (Vernon 2015).

A statute of limitations protects one accused of an offense "from having to defend [himself] against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." *Hernandez v. State*, 127 S.W.3d 768, 772 (Tex. Crim. App. 2004) (quoting *Toussie v. United States*, 397 U.S. 112, 114–15, 90 S. Ct. 858, 860 (1970), *superseded by statute on other grounds as recognized in United States v. Tavarez-Levario*, 788 F.3d 433, 437 (5th Cir. 2015)). A charging instrument must reflect on its face that a prosecution thereunder is not barred by the applicable statute of limitations. *Tita v. State*, 267 S.W.3d 33, 37 (Tex. Crim. App. 2008); *see also* TEX. CODE CRIM. PROC. ANN. art. 21.02(6) (Vernon 2009). If a comparison of the date on which a charging instrument is presented indicates that it was not presented within the applicable period of limitation, then, on a defendant's motion, it "must be dismissed." *Tita*, 267 S.W.3d at 37; *see also* TEX. CODE CRIM. PROC. ANN. art. 27.08(2) (Vernon 2006).

In 2009, the Texas Legislature amended article 12.02, which now, in regard to limitations for misdemeanor offenses, expressly provides:

(a)    An *indictment or information for any Class A* or Class B *misdemeanor* may be presented within two years from the date of the commission of the offense, *and not afterward*.

(b)    A *complaint or information for any Class C misdemeanor* may be presented within two years from the date of the commission of the offense, and not afterward.

6

TEX. CODE CRIM. PROC. ANN. art. 12.02 (emphasis added); *see also* Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 2(b), 1973 Tex. Gen. Laws 883, 975, *amended by* Act of May 25, 2009, 81st Leg., R.S., ch. 472, § (1)–(3), 2009 Tex. Gen. Laws 1077, 1077. In amending article 12.02, the legislature rewrote the previous single paragraphed article[4] and created two new subsections: (a), which concerns the requirement of a timely presentation of either "an indictment or information" for the prosecution of Class A and B misdemeanor offenses, and (b), which concerns the requirement of a timely presentation of either a "complaint or information" for the prosecution of a Class C misdemeanor offenses. *See* Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 2(b), 1973 Tex. Gen. Laws 883, 975 (amended 2009).

Here, the State, based on events occurring on September 10, 2011, attempted to accuse appellee of committing the offense of official oppression, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 39.03(a)(1), (d) (Vernon Supp. 2014). Thus, pursuant to the express language of article 12.02(a), the State, to prosecute appellee for the offense, was required to present "an *indictment* or *information*" against him by September 10, 2013, "*and not afterward.*" TEX. CODE CRIM. PROC. ANN. art. 12.02(a) (emphasis added).

---

[4] "An indictment or information for any misdemeanor may be presented within two years from the date of the commission of the offense, and not afterward." Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 2(b), 1973 Tex. Gen. Laws 883, 975, *amended by* Act of May 25, 2009, 81st Leg., R.S., ch. 472, § (1)–(3), 2009 Tex. Gen. Laws 1077, 1077.

Although, for limitation purposes, a timely presented "complaint" will suffice under article 12.02(b) for the prosecution of a Class C misdemeanor, only a timely presented "indictment or information" will suffice for the prosecution of Class A and B misdemeanors under article 12.02(a). It is undisputed that the State did not, by September 10, 2013, present in the criminal district court below an "indictment or information" against appellee for the Class A misdemeanor offense of official oppression. Indeed, the State did not present the indictment at issue until October 24, 2014.

The code of criminal procedure does further provide that the time "during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation." TEX. CODE CRIM. PROC. ANN. art. 12.05(b). And it specifically defines "during the pendency" as meaning

> Th[e] period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason.

*Id.* art. 12.05(c).

The State argues that its filing of its September 9, 2013 complaint "was sufficient to toll the statute of limitations" until the presentment of the October 24, 2014 indictment because article 12.05 expressly includes the word "complaint" and it employs the disjunctive, "or." However, a plain reading of article 12.05 reveals that nothing within it relieved the State of its obligation under article 12.02(a) to

8

present by September 10, 2013 in the criminal district court the appropriate charging instrument for the Class A misdemeanor offense of official oppression, i.e., either "an indictment or information."

Indeed, the legislature enacted article 12.05 because it "sought to give the State more freedom to prosecute defendants when the original [charging instrument] contains a defect." *Hernandez*, 127 S.W.3d at 771. "[M]any indictments, informations, and complaints [were] being held invalid because of procedural errors and defects in form that ha[d] nothing to do with the guilt or innocence of the persons charged, and persons guilty of capital, as well as other crimes, [we]re going unpunished. . . ." *Id.* (quoting *Vasquez v. State*, 557 S.W.2d 779, 784 n.7 (Tex. Crim. App. 1977), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998)). Simply put, "[t]he provisions [a]rticle 12.05(b) and (c) . . . were designed to overcome the rule that invalid indictments will not toll the running of the statutes of limitation in the absence of a statute so providing." *Vasquez*, 557 S.W.2d at 784. The court of criminal appeals has held that to fulfill the legislature's purpose in enacting article 12.05(b), "a prior indictment tolls the statute of limitations . . . for a subsequent indictment when both indictments allege the same conduct, same act, or same transaction." *Hernandez*, 127 S.W.3d at 774; *see, e.g.*, *Brice v. State*, No. 14-13-00935-CR, 2015 WL 545557, at *2 (Tex. App.—Houston [14th Dist.] Feb. 10, 2015, no pet.)

9

(mem. op., not designated for publication).  Thus, article 12.05, presuming the existence of an appropriate charging instrument filed within the limitations period, merely grants the State time to address procedural errors and defects in the instrument that might not be raised before limitations expires.

Had the State timely presented a defective indictment or information against appellee in the criminal district court for the prosecution of the Class A misdemeanor offense of official oppression, the time "during the pendency" of the defective indictment or information, i.e., the time from the date of its filing to the date the defect was determined, would "not be computed in the period of limitation." *See* TEX. CODE CRIM. PROC. ANN. art. 12.05(b), (c).  Likewise, had the State timely presented in an appropriate court a defective complaint for the prosecution of a Class C misdemeanor offense, the time "during the pendency" of the defective complaint, i.e., the time from the date of its filing to the date the defect is determined, would "not be computed in the period of limitation."  *See id.* But, here, the State was attempting to charge appellee with a Class A misdemeanor offense, not a Class C misdemeanor offense, and the State's initial complaint filed on September 9, 2013 was, by its own admission, not an indictment or information.

A "complaint" serves as the charging instrument in a prosecution conducted in a municipal or justice court.  TEX. CODE CRIM. PROC. ANN. arts. 45.001, .018 (Vernon 2006); *see also State v. Boseman*, 830 S.W.2d 588, 590 n.3 (Tex. Crim.

10

App. 1992) ("[M]unicipal courts are relatively unique, in that a prosecution in a municipal court is sufficient to support a conviction, *on a complaint alone*, without an information being filed."). A "complaint" may also serve as a basis for a probable cause finding for an arrest warrant or "serve as a basis for the issuance of an information or commencement of the indictment process." *Boseman*, 830 S.W.2d at 590 n.3; *Gordon v. State*, 801 S.W.2d 899, 916 (Tex. Crim. App. 1990) (noting distinction between complaint used to support warrant and complaint used as charging instrument).

Although an indictment or information charging a defendant with the commission of a Class A or B misdemeanor must be supported by an underlying complaint, it is the "presentment of an indictment or information to a court [that] invests the court with jurisdiction of the cause." TEX. CONST. art. V, § 12(b); *see* TEX. CODE CRIM. PROC. ANN. art. 21.22 (Vernon 2009). A trial court that "finds fault with an information or indictment does not 'dismiss' the complaint on which the indictment or information was based, but sets aside the information or indictment." *Boseman*, 830 S.W.2d at 590 n.3. And, again, article 12.02(a), in regard to Class A and B misdemeanor offenses, specifically requires that an "indictment or information," and not a complaint, be presented within two years from the date of the commission of the offense.

The case law concerning article 12.05 predates the legislature's 2009 rewrite of article 12.02 and is limited. Nevertheless, courts have previously held that a Class B misdemeanor complaint standing alone, without the timely presentation of an indictment or information within the limitations period, "does not trigger article 12.05(b)." *Marbach v. State*, 773 S.W.2d 411, 412 (Tex. App.—San Antonio 1989, no pet.); *see State v. Edwards*, 808 S.W.2d 662, 663 (Tex. App.—Tyler 1991, no pet.).

In *Edwards*, the State filed, within the limitations period, an affidavit in which the affiant accused the defendant of the Class B misdemeanor offense of theft. 808 S.W.2d at 663. After the limitations period had expired, the State filed a complaint and an information, formally accusing the defendant of the offense. *Id.* The State argued that the filing of its affidavit tolled the limitations period because it met the requirements of a "complaint." *Id.* (citing TEX. CODE CRIM. PROC. ANN. arts. 12.05, 15.05). The court explained that an affidavit made in support of an arrest warrant significantly differs from that required to support an information because an arrest warrant "may be procurable upon evidence insufficient or incompetent to support an information necessary to bring the accused to trial." *Id.* Thus, the court held that article 12.05 serves "only to stay the running of the limitation period during the pendency of the type of accusatory pleading appropriate to invoke the jurisdiction of a court of competent jurisdiction," which

12

is one that has jurisdiction of the offense. *Id.* It noted that because the State was attempting to charge the defendant with a Class B misdemeanor in a county court, "both a complaint and information [were] necessary to confer jurisdiction." *Id.* And a "filed misdemeanor complaint without a filed misdemeanor information [did] not suffice to toll the running of limitations under article 12.05." *Id.*

Acknowledging *Edwards*, the State nevertheless argues that "the filing of a complaint, charging a defendant with a felony or with a misdemeanor involving official misconduct, would be sufficient to toll the statute of limitations if the complaint had been filed in a 'court of competent jurisdiction.'" In support of this argument, the State relies on *Bonner v. State*, 832 S.W.2d 134 (Tex. App.—Amarillo 1992, pet. ref'd). In *Bonner*, although the State filed, in the district court and within the limitations period, a complaint charging the defendant with the felony offense of delivery of a controlled substance, an indictment was not returned until after the limitations period had expired. *Id.* at 135. The defendant argued that the filing of the complaint, standing alone, was insufficient to toll the running of the statute of limitations. *Id.*

The Amarillo Court in *Bonner* noted that in *Ex parte Ward*, the Texas Court of Criminal Appeals held that a complaint filed in a justice court did not toll the statute of limitations for a felony offense because the justice court, although it had authority to take a complaint and issue an arrest warrant, "did not have jurisdiction

13

of the felony offense charged . . . so as to come within the ambit of article 12.05." *Id.* (quoting *Ward*, 560 S.W.2d 660, 662 (Tex. Crim. App. 1978)). The Amarillo Court reasoned, without explanation, that "[i]mplicit in" the holding in *Ward* was a "conclusion that if the complaint had been filed in a court of competent jurisdiction, i.e., the district court, the holding would have been different." *Id*. And it held that the filing of the complaint in the district court, which was the "court of competent jurisdiction" to try the felony offense at issue, "was sufficient to invoke the jurisdiction of that court and to toll the limitation period." *Id.* at 137. It further concluded, again without explanation, that *Edwards* was distinguishable in that it "dealt with the different requisites in a misdemeanor case," which were not applicable to the felony case before it. *Id.*

As noted above, the time "during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation." TEX. CODE CRIM. PROC. ANN. art. 12.05(b). "[D]uring the pendency" means the "period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction . . . ." *Id.* art. 12.05(c). And the Texas Court of Criminal Appeals has held that "for purposes of Article 12.05, a court of competent jurisdiction is a court with jurisdiction to try the case." *State v. Hall*, 829 S.W.2d 184, 187 (Tex. Crim. App. 1992). Again, however, nothing in article 12.05 relieves the State of its obligation under article 12.02(a) to first timely present an

14

appropriate charging instrument for Class A and B misdemeanor offenses, i.e., either "an indictment or information."

Moreover, the court of criminal appeals and this Court have further explained that a "court of competent jurisdiction" means a "court that has jurisdiction of the offense," and the elements essential to that jurisdiction are: (1) authority over the person, (2) authority over the subject matter, and (3) *power to enter a judgment*. *See Ward*, 560 S.W.2d at 661–62; *Hall*, 794 S.W.2d at 919. Courts may lack jurisdiction for different reasons. For instance, in *Ward*, the justice court in which the complaint was filed lacked jurisdiction over the felony offense presented, or the "subject matter." 560 S.W.2d at 662; *Hall*, 794 S.W.2d at 919 (noting "subject matter" refers to offense).

Here, the criminal district court, in regard to the Class A misdemeanor offense of official oppression, lacked jurisdiction to enter a judgment on the instrument upon which the State relied to toll limitations, i.e., a complaint. *See Hall*, 794 S.W.2d at 919 (requiring power to enter judgment); *see also* TEX. CONST. art. V, § 12(b) (providing "presentment of an *indictment or information* to a court invests the court with jurisdiction of the cause" (emphasis added)). Thus, the State's September 9, 2013 complaint, standing alone without a timely filed information or indictment, did not toll the statute of limitations. *See* TEX. CONST.

15

art. V, § 12(b); TEX. CODE CRIM. PROC. ANN. 12.02(a); *Hall*, 829 S.W.2d at 187; *Ward*, 560 S.W.2d at 661–62; *Hall*, 794 S.W.2d at 919.

Again, article 12.02(a), as now rewritten in 2009 by the Texas Legislature, expressly states that an "*indictment or information for any Class A* or Class B *misdemeanor* may be presented within two years from the date of the commission of the offense, *and not afterward.*" TEX. CODE CRIM. PROC. ANN. art. 12.02(a) (emphasis added). Because the State did not present in the criminal district court an indictment or information against appellee for the Class A misdemeanor offense of official oppression within two years from the date of the commission of the offense, i.e., by September 10, 2013, it could not do so afterward. *Id.* Accordingly, we hold that the criminal district court did not err in granting appellee's motion to quash and dismiss the October 24, 2014 indictment.

We overrule the State's three issues.

## Conclusion

We affirm the order of the criminal district court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Publish. TEX. R. APP. P. 47.2(b).

16